GEORGE W. MORELAND *vs.* W. W. BOWLING.—*June* 1846.

Where process is duly returned, the party affected by it is bound to take notice of the proceeding; and in proper time, and while the process is before the court, move for any order or judgment in relation to it.

Parties have a day in court, for the purpose of being heard; and failing to avail themselves of it, they must thenceforth submit to the injury or inconvenience which their own neglect has occasioned.

Where the return of a sheriff is not made to the term at which the process is returnable, but after the actual sittings of the court were over, at a day in vacation, parties objecting to it, are not bound to move until the next term.

A sheriff may retain a *fi. fa.* in his hands, after a levy, and after an ineffectual effort to sell, not only until the return day has passed, but until several terms have passed, and may then sell.

It is at the option of the plaintiff to rule a return of the *fi. fa.* and issue a *vendi. exponas;* or to allow the sheriff to continue to act under the *fi. fa.*

On a motion to set aside a sale returned under a *fi. fa.*, it is the necessary and uniform practice, to examine into all the facts by parol or other proof, and not regard technical estoppels.

The act of 1816, chap. 129, is express, that notice of a sale under a *fi. fa.*, should be set up at two or more public places in the county, besides the court house, and upon failure to give such notice, the sale will be set aside, on motion made in due time when the writ is returned.

APPEAL from *St. Mary's* county court.

On the 31st January 1845, *William W. Bowling* sued out a writ of *fieri facias*, upon judgment against *George W. Moreland* and *Henry G. Garner*, returnable to the 1st Monday in March of that year. This writ was levied the 1st and 3rd February 1845; the property sold on the 7th March 1845, and the writ returned to the county court.

At March term 1845, the appellant moved to set aside the sale:

1. That due and legal notice was not given to the defendant, and the public, of the time and place of sale.

2. That all the property sold, except, &c., was absent at the time of sale, and thereby the public was prevented from judging of its value.

3. The whole property, real and personal, was sold at a grossly, inadequate price.

4. The real estate was worth three times as much as it sold for, and would sell for; that the sale was made at *Leonardtown*, a great distance from the land and real estate.

5. The sale was made under a *fi. fa.*, and the sheriff, in the execution of a sound discretion, ought not to have sold it, but returned it, and obtained a *venditioni exponas.*

6. That the property was sold after the return day of the *fieri facias.*

7. That the return of the sheriff on its face, avoids the sale; as it states, that the purchase money was first paid.

8. That more property was sold than was necessary to pay the executions.

At the hearing of the motion, a variety of depositions were filed, as to the value of the property; its situation and condition at the time of sale.

The sheriff who made the levy, deposed, that "he gave upwards of twenty days clear notice of sale in the *Leonardtown Herald*, a paper published in *St. Mary's* county, at the court house door, and at no other place." The land lay about fifteen miles from *Leonardtown.*

It also appeared, that return of the execution, made by the sheriff, was not made at the regular March term of 1845, but that the sheriff brought it into the clerk's office in vacation, sometime in May 1845, when the entry of the return of sales was made; that after the adjournment of the regular March term, the rule return of the *fi. fa.*, was entered by the clerk, as under a general order of the court.

The county court overruled the motion to quash the sale, and the said *G. W. Moreland,* one of the defendants, and whose property was levied upon, appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, SPENCE and MARTIN, J.

By CRAIN for the appellant, and
By THOMAS for the appellee.

CHAMBERS, J., delivered the opinion of this court.

Where process is duly returned, the party affected by it is bound to take notice of the proceeding; and in proper time, and while the process is before the court, move for any order or judgment in relation to it.

Parties have a day in court, for the purpose of being heard; and failing to avail themselves of it, they must thenceforth submit to the injury or inconvenience which their own neglect has occasioned.

The present case, however, is not embraced by these principles, which regulate the general practice, and which we do not mean to disturb. The return of the sheriff was not made to the term at which the writ was returnable, nor could it be, as the sale was made at a day subsequent to the return day. To require a party to take exception to a sale, under a *fi. fa.*, at the term to which the writ is made returnable, as a universal rule, (as contended for by the appellee's counsel,) would be a manifest denial of justice.

A sheriff may retain a *fi. fa.* in his hands, after a levy, and after an ineffectual effort to sell, not only until the return day has passed, but until several terms have passed, and may then sell. It is at the option of the plaintiff to rule a return of the *fi. fa.* and issue a *vendi. exponas;* or to allow the sheriff to continue to act under a *fi. fa.*

Now, in such a case, where the sale has not been made until two terms have passed, would it not be a mockery to say to an injured defendant, or his other creditors, that redress would have been given if the application had been earlier? The law requires no such impossibility, as to move to set aside a sale before it is made. It is sufficient that it be made at the term, to which the writ is in fact returned.

In this case, the return was placed in the clerk's office in vacation;—it was not in any proper sense "returned to the court" at that time, for the court was not in session. It must be regarded as made to the ensuing August term, and at that term the motion was made.

It is objected, that the record states the return to be made to the March term, and cannot be contradicted. The record also states, that the return was not made pursuant to the command of the writ, and a rule is entered requiring the return, but not limiting any particular day therefor. But, on motion of this kind, it is the necessary and uniform practice, to examine into all the facts by parol or other proof, and not regard technical estoppels.

The authority of the court being shown, to examine into the facts, there can be no doubt of the propriety of granting the motion to set aside the sale.

Without going into the other considerations, which might lead to the same result, it is sufficient, that legal notice has not been given.

The sheriff himself, proved, that the notice of sale had been published in a newspaper;—and set up at the court house door, and at "no other place." The act of 1816, chap. 129, is express, that notice should be set up at two or more public places in the county, besides the court house.

JUDGMENT REVERSED WITH COSTS—RULE TO SHEW
CAUSE MADE ABSOLUTE—AND CAUSE REMANDED.