Anders *vs.* Devries et al.

*Decree affirmed.*

( Decided January 17th, 1867.)

MOSES ANDERS *vs.* WILLIAM DEVRIES AND OTHERS.

MOTION TO STRIKE OUT JUDGMENT BY CONFESSION.—A judgment by confession was entered against a defendant in the Circuit Court for Frederick county, at the February Term, 1862, of the said Court, the defendant being there represented by two counsel and under *rule plea.* At the next ensuing term, the defendant came into Court and by counsel moved to strike out said judgment, and filed his two affidavits alleging that the judgment was entered by mistake, and without his knowledge or consent, that he had instructed his counsel that he had a *bona fide* defence on the merits of his case, and that he had paid or held a set-off for part of the debt claimed by the plaintiff amounting to $260, &c.—HELD:

1st. That to sanction the motion upon the slight foundation laid to support it, would be a serious disregard of the law as announced by the Court of Appeals in a series of uniform decisions.

2nd. That in such a case, a solemn judgment will not be disturbed, depriving the plaintiff of a legal right acquired in due course of law, without fraud or irregularity on his part.

APPEAL: JUDGMENT,—REVERSAL OF.—Where a defendant is not injured by a judgment, although it is not entered in the mode prescribed by SEC. 15 of ART. 29 of the CODE OF PUB. GEN. LAWS, the judgment is not void though irregular, and will not be reversed on appeal.

APPEAL from the Circuit Court for Frederick county.

This was an action brought at the October term, 1861, of the Circuit Court for Frederick county, by the appellees against the appellant on two promissory notes. At the

ensuing February term, 1862, the appellant being under "rule plea," appeared by two counsel, and a judgment by confession was entered "for the sums laid in the declaration, to wit: for the sum of $546.08, current money, with interest from the 27th day of June, 1861, until paid, as also, for the sum of $300.00, current money, with interest from the 25th of September, 1861, until paid, and costs of suit." No further proceedings were had in the case until the 20th of October, it being during the first term after the entry of the judgment, when the defendant came into Court, and by his counsel moved "to strike out the judgment as having been rendered by mistake, there being a *bona fide* defence to the action. "This motion was supported by the affidavit of the defendant, "that he has a *bona fide* defence to said action, and that the judgment rendered in said case is unjust and improper, and rendered by mistake, and greatly to the surprise of this affiant." A further affidavit of the defendant stated, "that he did not owe the whole of the money claimed, and that he had paid part of said pretended claim, or had a legal set-off for more than $260."

At the October term, 1863, the Court below, ( NELSON, J.,) overruled the motion to strike out the judgment, and the defendant appealed.

The cause was argued before BOWIE, C. J., and GOLDS-BOROUGH and WEISEL, J.

*Joseph M. Palmer* and *O. Miller* for the appellant.

1st. The judgment is erroneous and should be reversed, because it was not entered in the mode prescribed by the Code. *Code, Art.* 29, *sec.* 15. *Clarke vs. Diggs,* 5 *Gill,* 109.

2nd. The judgment should have been set aside upon the appellant's motion to that effect. *Act of* 1787, *ch.* 9, *sec.* 6.

They also referred to 11 *G. & J.*, 149. 18 *Md. Rep.*, 139. 19 *Md. Rep.*, 586. 12 *Md. Rep.*, 144. 14 *Md. Rep.*, 564. 4 *Wend.*, 217. 2 *Johns.*, 104. 7 *Johns.*, 556. 1 *Carnes N. Y. Rep.*, 155, *and note.* 3 *Carnes N. Y. Rep.*, 138, 107. 4 *Johns.*, 486. 6 *Johns.*, 131.

*G. Eichelberger* for the appellees.

The appellees respectfully submit, that there is no error in the refusal of the Court below to strike out the judgment; the whole of the proceedings were regular, and there is no pretence that there was any fraud in obtaining the judgment.

The defendant at the appearance term appeared to the suit by his two counsel, and at the trial term, on the call of the docket, confessed judgment for the amount claimed in the *nar.* The judgment was fairly and honestly obtained, and should not be lightly interfered with. The reason assigned in support of the motion to strike out the judgment, is not a sufficient or legal ground for striking out a judgment. The Code recognizes fraud and irregularity as the only grounds for striking out a judgment, combining in those two the four grounds or causes recognized by the Act of 1787, chap. 9, sec. 6, viz., fraud, deceit, surprise and irregularity, which, when analyzed, are properly reducible to fraud and irregularity. Mistake, either of the party or his attorney, furnishes no ground for striking out a judgment.

The act of the attorney is the act of the party, and is binding on him, and if the attorney fails to make a defence, it is only a question of responsibility on his part to his client. The record shows that the appellant, by his attorneys, confessed to the Court that he had no defence, and that he gave judgment in this case. If the laches of the party himself furnishes no ground for setting aside the judgment, then it is submitted, that the failure of his

attorney to make a defence is equally unavailing for that purpose.

As the appellant was in Court and made no defence, the presumption, as the fact is, and as the appellant confessed in open Court, is that he had no valid legal defence.

In support of these views the appellees refer to *Act of* 1787, *ch. 9, sec. 6. Code, page* 526. *Munnikhuyson vs. Dorsett,* 2 *H. & G.,* 377. *Sherwood vs. Mohler,* 14 *Md. Rep.,* 564. *Green vs. Hamilton,* 16 *Md. Rep.,* 326. *Kemp & Buckey vs. Cook,* 18 *Md. Rep.,* 135. *Fowler vs. Lee,* 10 *G. & J.,* 363. *Hench vs. Todhunter,* 7 *H. & J.,* 275. 2 *Md. Ch. Dec.,* 143, 425. *Kent vs. Ricaud,* 3 *Md. Ch. Dec.,* 392.

Without discussing the appellant's first point as to the propriety of the mode of entering the judgment in this case, it is submitted that it is too late to raise that point here, as it was not raised below. *Boarman vs. Israel,* 1 *Gill,* 380.

GOLDSBOROUGH, J., delivered the opinion of this Court.

The question presented by this appeal is, did the Circuit Court for Frederick county act correctly in overruling a motion to strike out the judgment appearing in the record?

The motion is predicated on the affidavit of the defendant. The judgment was entered on the 10th day of February, 1862, as of the February term. The form of the judgment as extended by the clerk, indicates it to be by confession, and the defendant was represented by two attorneys. This judgment remained unaffected by any proceeding until the 20th of October following, when the defendant came into Court and, by his counsel, moved to strike it out, as having been entered by mistake, and when he had a *bona fide* defence.

On this motion, made on the 20th of October, the Court ordered the case to be continued until the second Monday of February then next. At which term, the defendant

filed his affidavit alleging that the judgment was entered by mistake, and without his knowledge or consent, he having instructed his counsel that he had a *bona fide* defence on the merits. He filed another affidavit during the same term, in which he alleged in addition to what is contained in the first affidavit, that he had paid part of the pretended claim, or had a legal set-off for more than $260. It does not distinctly appear whether the motion was made as of the February term, before the October term was called. The affidavit states it was made during the October term, 1862. If in fact made as of the February term, the judgment was still under the control of the Court, and liable to be altered or amended, unless such general authority was limited by some positive rule. See 12 *Md. Rep.*, 141.

We would infer from the record, that the motion was in fact made during the October term. In either event, a sufficient foundation must be laid to sustain the motion, especially in the latter case. Has such a foundation been laid?

In the case of *Keighler vs. The Savage Manufacturing Co.*, 12 *Md. Rep.*, 415, this Court said, "as to the judgment, *prima facie* it imports verity, and as to the parties to it, it is conclusive, unless mistake or fraud be shown, and the *onus* is on those who impeach it." Commenting on the attempt to show in that case that the judgment was not an ascertainment of actual indebtedness, but only a security for so much as might be thereafter ascertained to be due, this Court said, "but to establish such a proposition in direct conflict with the legal import of the judgment, the evidence should be abundantly full and explicit; so full, indeed, as to leave no doubt on the mind of the Court. Unless evidence of this character be adduced, the judgment should be regarded as unimpeached, and remain in full vigor."

Applying this exposition of the sanctity of judgments to

*Anders vs. Devries et al.*

the case at bar, in view of the fact that the defendant was represented by counsel, that he was under a rule to plead, (see 3 *Gill*, 500,) that he relies for the success of his motion upon his own affidavit alone, and the substance of his affidavit being that he had informed his counsel he had a good defence to the action, which they failed to make without any explanation, will not justify this Court in disturbing a solemn judgment and depriving the plaintiff of a legal right acquired in due course of law, without any fraud or irregularity on his part.

To sanction this motion upon the slight foundation laid to support it, would be a serious disregard of the law as announced by this Court in a series of uniform decisions. See cases cited by the appellees.

The appellant also relies upon the point that the judgment is erroneous because it was not entered in the mode prescribed by the 15th sec. of the 29th Art. of the Code. If the defendant's motion was in fact made during the February term, and the attention of the Circuit Court had been called to this irregularity of the judgment, it would doubtless have ordered it to be corrected. But the point is made for the first time in this Court. Besides applying to it the provision of the 12th sec. of the 5th Art. of the Code, we also say, that while the plaintiff might have appealed because he is deprived of a portion of his judgment by the failure of the Court to embrace in it the interest on the causes of action to the date of the judgment, the defendant is not injured by the mode in which it was extended. The judgment is not void though it may be irregular. If the defendant be not injured, this Court is sustained, by numerous cases, in refusing to reverse the judgment. See cases in 2nd *Md. Digest*, 23. *Pl.*, 131.

*Judgment affirmed.*