EDWARD G. FICK et al *v.* EMMA TOWERS et al

*Appeal—Authentication of Testimony—Speedy Judgment Act —Copy of Declaration—Service on Defendant— Striking Out Default Judgment.*

On appeal from an order striking out a default judgment, a transcript of testimony cannot be considered, if not part of a bill of exceptions, and not certified by the judge who heard it, or otherwise authenticated.                              p. 338

While a bill of exceptions is not obligatory on appeal from an order striking out a default judgment, in the absence thereof

only such defects can be noticed as are apparent on the record itself.                                    pp. 338, 339

In an action under the Speedy Judgment Act of Baltimore City, a judgment by default cannot be entered as provided in sections 170 and 171 of the act, codified as sections 312 and 313 of the City Charter, unless plaintiff has complied with sections 308 and 310 of the charter, requiring the service upon defendants of a copy of the declaration.                  pp. 339-341

A return of the sheriff, that a copy of the declaration was left with one of the defendants summoned, showed affirmatively that such a copy was not served on either of the other defendants.

p. 341

A default judgment against defendant, of whom the court had no jurisdiction because of a failure to serve them with a copy of the declaration, is properly struck out.          p. 342

A plaintiff is not to be regarded as guilty of fraud because he brings a defendant into court on what proves to be an unfounded claim, when he gives such defendant every opportunity to defend it.                            p. 342

*Decided February 11th, 1927.*

Appeals from the Baltimore City Court (DAWKINS, J.).

Action by Edward G. Fick and John P. Fick, co-partners, trading as Edward G. Fick & Company, against Emma Towers, erroneously designated as Anna Towers, Ellen Towers, and others. From orders striking out judgments by default against the named defendants, plaintiffs appeal. Affirmed.

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Alva A. Lamkin,* for the appellants.

*Charles Lee Merriken* and *William G. Towers,* for the appellees.

OFFUTT, J., delivered the opinion of the Court.

The appellants in this case, on February 13th, 1923, brought an action in assumpsit, under the Speedy Judgment Act of Baltimore City, against Charles H. Towers and James W. Towers, co-partners trading as Charles H. Towers & Son, and Charles H. Towers and Anna Towers, his wife, and James W. Towers and Ellen Towers, his wife, individually. The action was commenced by the filing of a "declaration, notice to the defendants to plead, open account, affidavit under the act of 1886, chapter 184, and an election for jury trial." After the writ had been renewed from time to time it was finally, on October 21st, 1925, returned with this indorsement: "Summoned *omnes* and copy of the *narr.* and notice to plead left with Charles H. Towers, one of the defendants." No pleas having been filed, the plaintiff, on December 1st, 1925, moved for a judgment by default for "want of a plea and affidavit of defence," and on the same day the judgment by default was entered, the damages assessed, and the judgment extended for $2,064.58. On February 25th, 1926, execution issued on that judgment, and on March 3rd, 1926, Ellen Towers filed a motion to strike out the judgment and the sheriff's return of "summoned" as against her, on the ground that she had not been summoned, had no knowledge of the suit, and that she had a meritorious defence. On March 6th, 1926, Emma Towers filed a similar motion and, on April 20th, after a hearing, the court passed the following orders in respect of those motions: "Petition and motion of Ellen Towers, wife of James W. Towers, to strike out the judgment entered against her 'granted,' and lien of the judgment preserved." "Petition and motion of Emma Towers (erroneously designated in the above entitled case as Anna Towers) to strike out the judgment entered against her 'granted' and lien of the judgment preserved." "Petition and motion of Ellen Towers, wife of James W. Towers, to strike out the sheriff's return as to her, 'overruled'." "Petition and motion of Emma Towers (erroneously designated in the above case

as Anna Towers), to strike out the sheriff's return as to her
'overruled'." On May 29th, 1926, Emma Towers and Ellen
Towers each filed the general issues pleas, together with an
affidavit, and certificate of counsel, as required by the act,
on which issue was joined (short), and on June 18th, 1926,
this appeal was taken from the orders striking out the judg-
ments. Embodied in the record in this court is what pur-
ports to be a transcript of the testimony taken at the hearing
on the motions to strike out the judgment, but as it is not
part of a bill of exception, nor certified by the judge who
heard it, or authenticated in any other way, it is not properly
in this court and cannot be considered on this appeal. That
rule was stated and approved in *Dumay v. Sanchez,* 71 Md.
508, in the following language: "The practice in this state
is well settled as to the manner of presenting cases on appeal
from, rulings on summary motions to quash, or to set aside
process. As in all other cases where extrinsic evidence is
introduced at the trial, the facts must be properly presented
to this court in some authenticated form; and the mode of
presenting them is either by bill of exception, as in *Campbell
v. Morris,* 3 H. & McH. 535; *Nesbitt v. Dallam,* 7 G. & J.
494; or by agreed statement of facts; or by depositions,
taken under the authority of the court and reduced to form,
and authenticated, and filed in the cause; as in *Baldwin v.
Wright,* 3 Gill, 241; *Moreland v. Bowling,* 3 Gill, 500; and
*Howard v. Oppenheimer,* 25 Md. 350. The record proper
does not embrace anything, in the way of extrinsic evidence
or proof produced on the trial, and therefore cannot be pro-
duced to this court, unless it be made part of the record
by bill of exception, agreed statement of facts, special ver-
dict, or such depositions as may be authorized to be taken
and filed in proper form, as means of proof. *Nesbit v.
Dallam,* 7 G. & J. 494; *R. R. Co. v. Trustees,* 91 U. S. 127,
132." And what was said there was cited and approved as
recently as *Gross v. Wood,* 117 Md. 369. But, as stated in
*Fleming v. Coulbourn,* 78 Md. 215, a bill of exception is
not obligatory in such proceedings as this, but, where the

case comes up on the record proper, only such defects in the proceedings can be noticed as are apparent on the face of the record itself (*Wilkins Mfg. Co. v. Melvin,* 116 Md. 106), and the question before us then is whether the record itself shows that the trial court erred in striking out the judgments against the appellees.

This suit was brought under the Act of 1886, ch. 184, which conferred upon the common law courts of Baltimore City, in respect to certain classes of actions, special limited statutory powers in addition to such powers as they possessed as courts of general jurisdiction, but before they can exercise the powers conferred by the act, it is necessary for plaintiffs in such actions to comply strictly with the requirements prescribed by the act as conditions precedent to its operation, and which must be regarded as jurisdictional. *McDonald v. King,* 125 Md. 593. Section 170 of the act, now codified as section 312 of the Baltimore City Charter (Ed. 1915), provides: "In any suit, when the cause of action is a contract, whether in writing or not, or whether express or implied, the plaintiff, if affidavit or affirmation be made as hereinafter stated, shall be entitled to judgment, to be entered by the court or the clerk thereof, on motion, in writing, at any time after fifteen days from the return day to which the defendant shall have been summoned," unless the defendant shall have filed pleas presenting a good defence, supported by the affidavit of the defendant or some one on his behalf, in which he shall also state the part of the claim admitted or disputed, and that he believes he will be able to produce at the trial sufficient evidence to support the plea, and that he is advised by counsel to file said plea, and said pleas must be accompanied by a certificate of counsel that he advised the affiant to file the pleas. But under section 171 of the act, codified as section 313 of the Charter, "The plaintiff shall not be entitled to judgment under the preceding section, unless at the time of bringing his action he shall file with his declaration an affidavit, or affirmation if the affiant is conscientiously scrupulous as to taking an oath, stating the true amount the defendant is indebted to him, over and above all

discounts, and shall also file the bond, bill of exchange, promissory note or other writing or account, by which the defendant is so indebted." These two sections, taken together with sections 314, 315 and 315-A, and the amendments thereof, constitute a code of procedure which is complete and exclusive in all cases to which they are applicable, and if a plaintiff does those things which he is required by section 313 to do, he is entitled to a judgment unless the defendant does the things required of him by section 312. But the appellees contend that, under sections 308 and 310 of the Baltimore City Charter (Ed. 1915), in addition to the acts required of the plaintiffs by section 313, *Ibid,* before they can obtain a judgment under the act they must also serve a copy of the declaration upon the defendants. That is, they make those two sections modify section 313. But those sections do not appear to be *in pari materia* with sections 312 to 315-A inclusive, for whereas the sections last referred to provide that pleas, supported by an affidavit, and accompanied by a certificate of counsel, shall be filed within fifteen days from the return day to which the defendant may have been summoned, the earlier sections, 308 and 310, contemplate that pleas may be filed at any time before the return day next succeeding that to which the defendant may have been returned summoned, and it does not require that either the *narr.* or the pleas be sworn to. If these two sections are not to be taken as applying to and modifying section 313, and it is not apparent to the writer of this opinion how they can, then, in order to entitle the plaintiff to the judgment contemplated by section 312, it is not necessary for him to serve a copy of the declaration upon the defendant, but it is sufficient if he is summoned as in any other case. And since the court below determined that the defendants below, the appellees here, were properly summoned, and as in the absence of any showing to the contrary we must assume that that finding is correct, and since the plaintiffs complied with the requirements of the statute in all other respects, it would follow that the judgments should not have been stricken out on that ground. But our predecessors in *May v. Wolving-*

*ton,* 69 Md. 117, decided that, notwithstanding the mandatory character of the language of section 312, the Legislature intended that a plaintiff should not be entitled to a judgment under it, unless a copy of the declaration were first served on the defendant in time to permit him to plead as required by that section, and they considered sections 308 and 310 as evidence of such a legislative intent. Because, they said, "by long established practice in the courts of the City of Baltimore, a defendant is not required to plead to a declaration, unless a copy of it has been served upon him. It is evident from the Act of 1886, secs. 166, 168, that it was not the intention of the statute to change this practice. If therefore a copy of the declaration was served on the defendants' attorney in this last mentioned suit, they are in default, but not otherwise."

In the opinion of a majority of the court we are bound by that decision, and it may be said that it is consistent with equity and sound sense, although, in the judgment of the author of this opinion, unwarranted by the language of the statute, that it has been accepted and followed by the profession for over thirty-eight years, and that to overrule it now would result in considerable hardship and inconvenience. Accepting that construction of the statute, as we do, and assuming that the statute required the service of a copy of a declaration on the defendants, it follows, from what was said in *De Alley v. Senior,* 55 Md. 482, that if no copy of the declaration in this case was ever served on the appellees, that the trial court had no jurisdiction to enter a judgment against them, and the question before us then is whether the record in this case shows whether or not such a copy was served on the appellees. And as to that there is no doubt, because the sheriff's return, which is in these words: "Summoned *omnes* and a copy of the *narr.* and notice to plead left with Charles H. Towers, one of the defendants," so far from showing that a copy was served on them, affirmatively indicates that it was not, and there is nothing found anywhere in the record to indicate that it was served on either of the appellees. It

follows, therefore, that the trial court had no jurisdiction of the appellees at the time the judgment was entered, and that for that reason it was properly stricken out.

Counsel for appellees also contended that it was properly stricken out on the ground that the appellants committed a fraud in bringing the suit against the appellees at all. But while that contention has the merit of novelty, we cannot see the force of it. It may be that the plaintiffs' claim is without merit, but that circumstance, while perhaps indicating a want of judgment, is certainly not a badge of fraud, for litigants are not to be charged with fraud merely because they conceive that they have a cause of action where none exists. Nor can the cases cited in support of that contention be said to be in point. In *Craig v. Wroth,* 47 Md. 281, the attaching creditor actually misled and deceived the garnishee by telling him that he would direct the sheriff not to return the writ, whereas he prosecuted it to judgment without his knowledge. The case of *Tiernan v. Hammond,* 41 Md. 548, turned on the right of an infant to avoid a *supersedeas,* and the three cases of *International Harvester Co. v. Neuhauser,* 128 Md. 173; *Wisner v. Reeside,* 139 Md. 221, and *Taylor v. Gorman,* 146 Md. 207, involved judgment notes. Such cases obviously are not authority for the proposition that a plaintiff who actually brings a defendant into court on what proves to be an unfounded claim, but nevertheless gives him every opportunity to defend it, is thereby guilty of fraud. But for the reason stated above, in the opinion of a majority of the court, the trial court had no jurisdiction to enter the judgments against these appellees, stricken out by the orders appealed from, and they were therefore properly stricken out, and the orders appealed from will be affirmed.

*Orders affirmed, with costs.*