## RALPH F. VANE ET AL. *v.* STANLEY HEATING COMPANY.

[No. 51, October Term, 1930.]

*Decided December 5th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Daniel S. Sullivan,* with whom was *C. Morris Harrison* on the brief, for the appellants.

*John J. Neubauer,* with whom was *C. Edward Jones* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order overruling a motion to strike out a judgment entered on a confessed judgment note in which there was a power to enter judgment on the note after maturity thereof "for such amount as may appear to be unpaid thereon." The note as it appears in the record bears the date of November 7th, 1929. Judgment was entered on March 31st, 1930. The motion to strike out was filed on April 4th, 1930.

The two questions raised by appellant are: (1) Is the note sufficiently complete on its face to serve as a basis for the entry of a judgment on it under the power? (2) Was the judgment prematurely entered?

The order to the clerk was filed to docket suit, enter the appearance of a named attorney for the defendant, and enter a judgment by confession for the plaintiff for the sum of

$1,442.12, "with interest from the . . . . . . . day of . . . . . . .,
19. . . ., and cost of suit and attorney fee, $216.31."

The declaration filed with the order was on the common counts with a seventh count as follows:

"7. And for that the defendants, on the 7th day of November, 1929, by their promissory note, now overdue, promised to pay to the plaintiff $1,442.12 in equal monthly installments, after date, and according to the terms of said note the defendants agreed to the entry of a judgment by confession together with the cost of suit and attorney's fee in the event of any installment under said note, and there has been a default in the said installment payment."

There were also filed with the order an account and the note, as follows:

"ACCOUNT.

March 31st, 1930.

Original amount of note . . . . . . . . . . . . . . . . . . $1,442.12
No payments made to date.
Attorney fee . . . . . . . . . . . . . . . . . . . . . . . . . : . . .   216.31

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,658.43

NOTE.

$1,442.12              Baltimore    Maryland    Nov. 7, 1929
(Total Amount         (City)       (State)      (Date)
  of Note)
After date, I, we, or either of us, promise to pay to

. . . . . . . . . . . . . . . . . . . . . . . .

Stanley Heating Co.
      (Seller)

Or order, fourteen hundred and forty-two dollars and twelve cents . . . . . . . . . . . . . . . . . . . . . . . . . . . . Dollars, in equal successive monthly instalments of $60.10 each, on the . . . . . . . . . . . day of . . . . . . . . . . . . . and the same date of each month thereafter until paid, with interest before maturity at the rate of . . . . . . % per annum and after maturity at the highest lawful rate, and if allowed by law, 15% of the principal and interest of this note as attorney's fees, if placed in the hands of an attorney for collection. Upon non-payment of any in-

stalment at its maturity, all remaining instalments shall at the option of the holder become immediately due and payable, and I irrevocably authorize any attorney-at-law to appear for me in any court and waive the issue and service of process and confess a judgment against me in favor of the holder hereof for such amount as may appear to be unpaid hereon after maturity, together with costs and attorney's fees, * * * The makers, endorsers and guarantors hereby waive notice of non-payment, protest, presentment and demand, * * *. Value received.

"Negotiable and payable at the office of Commercial Investment Trust, Incorporated, with Exchange on New York.

Ralph F. Vane,
(Purchaser)
Maud M. Vane."

On the back of the note is a form of assignment, but the note was not assigned or transferred. An affidavit to the claim was filed, in which plaintiff made oath that the amount of the claim ($1,442.12) was still due and unpaid, and in which plaintiff's attorney made oath "that the said promissory note has been placed in his hands for collection and that he has demanded of the defendants payment of the amount due as aforesaid and has been unable to collect same."

An order of court was also filed "that the clerk enter the judgment as herein agreed upon for the sum of $1,442.12. Attorney fee, $216.31."

In the motion to strike out the judgment, to which an affidavit was attached, it was alleged that the said note was attached to and formed a part of a contract between the parties under date of November 7th, 1929, for the installation of a new hot-water boiler with about nine hundred and twenty-five square feet of radiation, and the making of all the necessary connections to make a complete hot water job for a net price of $1,442.12; that by said contract the defendants agreed to pay $60.10 per month for twenty-four months; that at the time of the execution of said contract it was agreed

between the parties that the defendants would not be called upon to pay anything until thirty days after the said heating plant had been installed to their satisfaction, and to that end the said promissory note was not dated, but in accordance with a specific agreement between the parties the said note was to be dated as of the date when said plant had been completely installed to the satisfaction of the defendants; that the date which now appears upon said note was inserted without the knowledge or consent of the defendants and in violation of said agreement; that said heating plant has not as yet been completely installed, nor in a manner satisfactory to the defendants, for the reason that several of the radiators used in connection with said plant give absolutely no service; that the plaintiff has made several attempts to rectify the condition of said plant and to make it heat satisfactorily in accordance with the contract and specifications, but has been unable to do so, and has ceased to make any further effort to do so; that the said note was procured by fraud and misrepresentation in that the plaintiff induced the defendants to sign the same with the distinct representation that it would not be dated until the said heating plant had been satisfactorily and completely installed, and that they would not be called upon to pay anything until thirty days thereafter; and that because of said fraud and misrepresentation the note is void; that, although the attorney for the plaintiff made affidavit on the declaration that he had demanded payment from the defendants and the same had been refused, the only notice that defendants received was in a letter from said attorney dated March 27th, 1930, in an envelope bearing the post office stamp of Chrisfield, and appearing to have been posted on Friday, March 28th, 1930, at 6 P. M., and not received by defendants until the morning of March 31st, 1930 (Monday), and that the defendants had no opportunity to get in touch with plaintiff's attorney before the entering of said judgment (said letter and envelope are filed as exhibits with the petition and were offered in evidence); that the defendants have a good defense in these proceedings

because of breach of contract on the part of the plaintiff. The contract referred to is as follows:

"Contract, Inserted by Consent of Counsel.

For use in all States except Colorado, Louisiana, Michigan, Missouri, Ohio, Pennsylvania and Texas.

Original for C. I. T. (Negotiable).

Cash Selling Price........................$1,550.00
Down Payment or Trade-in...............    310.00
Balance............ ..........................  1,240.00
C. I. T. Service Charge.................. ....    202.12
    Total due from Purchaser..............$1,442.12

Contract No.    State, Maryland.    City, Baltimore.

Date, Nov. 7, 1929.

"I (we) the undersigned hereby order and agree to receive from Stanley Heating Co. (Hereinafter called Company.) (Name of Dealer) one (1) New Hot Water Boiler and alterations with connections as follows:

"1.    No. W-209 Spencer Hot Water Boiler furnish about 925 sq. ft. of Radiation and make all necessary connections to make a complete hot water job at 3510 Gwynn Oak Ave., Balto., Md., complete (hereinafter called chattel), for which I agree to pay said company or its assigns $310 in hand and $60.10 (cash payment) per month as balance of purchase price for 24 months in equal consecutive monthly installments as endorsed by my promissory note; all instalments payable at the office of Commercial Investment Trust, Incorporated. Title and ownership of said chattel and any and all replacements thereof and additions thereto to remain in above company or assigns until all of said indebtedness is fully paid, at which time ownership shall pass to me (us). I (we) acknowledge notice of the intended assignment of this contract and agree if it is assigned, all payments shall be made to assignee absolutely, hereby waiving all rights now or hereafter existing in my (our) favor against company to make any defense, counterclaim or cross-complaint to any demand or action brought by assignee to recover payments due under this contract or to recover possession

· of said chattel, I (we) further agreeing that all claims or demands on my (our) part against company shall be independent of any action by assignee against me (us)..

"If I (we) fail to make any of said monthly payments as above specified, at the option of you or your assigns, all remaining installments may be declared immediately due and payable, and in such event I agree to return the said chattel to said company, or its assigns on demand, and said company, or its assigns, may without notice of demand and without legal process enter into premises and take possession of said chattel and all payments made shall be retained as liquidated damages for the use of said chattel or you or your assigns may declare the entire sum remaining unpaid hereunder to be immediately due and payable and elect to sue for the amounts due, thereby vesting the absolute title in said chattel in me (us).. I further agree to take good care of said chattel and to be responsible for its loss by fire, theft or other casualty and not to remove it from 5310 Gwynn Oak Ave., Baltimore, Md., unless I first obtain the (Number and St.) (City) (State) written consent of said Company or its assigns. Said chattel shall not become a part of the realty.

"It is understood and agreed that no other agreement or guaranty, oral or written, expressed or implied, shall limit or qualify the terms of this contract.

(Signed) Ralph F. Vane, (Customer)
Maud M. Vane, (Resident Address)
Stanley Heating Co.,
By Albert P. Mergardt."

In the course of the taking of testimony by the trial court on said motion several exceptions were reserved to the rulings, which it will not be necessary for us to consider. The important exception is to the refusal of the court to strike out the judgment. On this, we think, the court was in error. The learned trial judge held that the plaintiff had the right to fill in the date of the note. But this could only be done

in accordance with the authority given. Code, art. 13, sec. 33. *Linthicum v. Bagby*, 131 Md. 644, 648. The testimony on behalf of the defendant is "that the job would be completed before the date was put on the note," and that the first instalment would not be payable until thirty days after the job was completed. There is no substantial contradiction of this testimony. John H. Seippel, the only witness offered by the plaintiff, on this point said: "I don't remember but I think the dates were filled in at that time (the time of signing the note and contract). I simply heard him agree to sign and that is as far as I went." "I assured Mr. Vane we weren't going to exercise the privilege of the note"; "I told him (Vane) he would have to make no payments until a satisfaction slip was signed"; that the satisfaction slip was to be signed "upon completion of the job"; that Mr. Beaufelt (also acting for the plaintiff corporation) said the same thing.

Now there was no contradiction of defendant's testimony that several of the radiators failed to work, although plaintiff had made a number of attempts to remedy the trouble.

The learned trial court took the position that the plaintiff had performed its full duty when it installed the boiler, furnished the number of feet of radiation agreed upon, and made the connections; and this was on the theory that the installation made by the plaintiff was to be "hooked up with a pre-existing job." But plaintiff's contract was "to make all necessary connections to make a complete hot water job at 3510 Gwynn Oak Ave., Balto., Md." It seems to us that a job which left several radiators cold could hardly be called a complete job; that a complete hot water job for that house meant making the entire plant work, the old as well as the new part, if plaintiff assumed the responsibility of hooking up with the old works. At least, we think, defendant met the requirements laid down in *Keiner v. Commerce Trust Co.*, 154 Md. 366, 371, where we said, in an opinion by Judge Offutt: "If the evidence adduced in support of the motion is sufficient to persuade the fair and reasoned judg-

ment of an ordinary man that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the defendant should be deemed to have met the burden of showing that he has a meritorious defense. In other words, if the evidence is such that persons of ordinary judgment and prudence could honestly and fairly draw different inferences from it, one favoring the plaintiff and the other the defendant, the court should not itself decide that conflict, but should submit it to a jury." See also *International Harvester Co. v. Neuhauser*, 128 Md. 181; *Wisner v. Reeside*, 139 Md. 223; *Automobile Brokerage Corporation v. Myer*, 154 Md. 1.

There are other reasons why the judgment should have been stricken out, or at least opened. It is apparent from the statement attached to the contract that the note included an item of $202.12 "C. I. T. Service charge." C. I. T. stands for "Commercial Investment Trust, Incorporated," which, under the contract, was to receive all payments, and the item designated as service charge was for services in that connection. But it performed no such services, and clearly that amount should have been deducted from the amount of the note.

But there is a fundamental difficulty about entering *any* judgment by confession on the note, because it is lacking in sufficient definiteness to permit the determination, except by proof, of the amount due on the note, or whether the note is in fact due. Apart from the question as to the proper date, there is lacking a statement of the time of the maturity of the first monthly instalment, and without that the maturity of the following monthly instalments cannot be determined. It cannot be supplied by reference to the contract, because that would involve construction of the instrument, and besides the contract itself refers to the note as fixing the maturities.

> *Order reversed and cause remanded for further proceedings in accordance with the views expressed in this opinion, with costs to appellants.*