516 A.2d 593

**Jeffrey O'CONNOR**

v.

**Derrick MOTEN.**

**No. 43, Sept. Term, 1986.**

Court of Appeals of Maryland.

Nov. 7, 1986.

Clarence W. Sharp, Annapolis (Charles Duvall Smith, Upper Marlboro, on brief), for appellant.

John F.X. Costello (O'Malley, Miles, McCarthy & Harrell, on brief), Upper Marlboro, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

ADKINS, Judge.

The question presented in this case is whether a motion raising a preliminary objection under former Md. Rule 323 extended the time for filing a motion to vacate a default judgment. We hold that it did.

Reduced to their bare essentials, the facts may be simply stated. On 23 August 1982 appellee, Derrick Moten, sued appellant, Jeffrey O'Connor, and Brandywine Riding Stable, Inc., in tort.[1] After several non ests as to O'Connor, the Circuit Court for Prince George's County authorized substituted service on him, pursuant to former Md. Rule 104. An affidavit of service was filed. O'Connor failed to plead and on 6 December 1983 judgment by default was entered against him. On 4 January 1984 O'Connor filed a motion raising preliminary objection pursuant to former Rule 323. The motion asserted lack of personal jurisdiction because of ineffective service of process. On 21 March 1984 the circuit court (Melbourne, J.) denied the motion, but granted O'Connor "15 days leave to file Motion to Vacate Default Judgment." This he did on 4 April. A month later Judge Melbourne struck the default judgment, finding that O'Connor's motion presented a meritorious defense.

Moten promptly appealed to an in banc court. Md. Const. Art. 4, § 22. That court reasoned that (1) the motion raising preliminary objection did not toll the 30–day period at the expiration of which a default judgment becomes enrolled; (2) the default judgment against O'Connor had become enrolled 30 days after its entry on 6 December 1983; (3) an enrolled judgment may be stricken only on a showing of fraud, mistake, or irregularity; and (4) there was no such showing here. It held that Judge Melbourne had erred in

---

1. Brandywine is not a party to this appeal. The claim against it was disposed of in the trial court. No appeal was noted.

vacating the default judgment and set aside her order of 4 May 1984.

O'Connor appealed to the Court of Special Appeals. It agreed with the in banc court that the default judgment had become enrolled 30 days after its entry, despite the filing of O'Connor's motion raising preliminary objection within that period. It dismissed the appeal. *O'Connor v. Moten*, No. 767, Sept. Term, 1985 (filed February 20, 1986). We granted *certiorari*. 306 Md. 369, 509 A.2d 133 (1986).

As we proceed to address the issue in this case, we point out that all the significant actions of the trial court occurred before 1 July 1984—the effective date of a comprehensive revision of the Maryland Rules. Consequently, the rules that were in effect prior to that date govern this case.

Moten's position is straightforward. At least since *Himes v. Day*, 254 Md. 197, 254 A.2d 181 (1969), a default judgment as to liability, such as the one entered in this case, had been appealable from date of entry.[2] "For a period of 30 days after" that entry, "or thereafter, pursuant to motion filed within such period, the court" could revise (strike) the default judgment, but after the expiration of that period, if no motion had been filed within it, the judgment became "enrolled" and then could be revised only on a showing of fraud, mistake, or irregularity. Former Md.

---

2. *Himes* created a substantial piecemeal appeal problem. An appeal on the issue of liability had to be taken after the initial entry of default judgment; a second appeal could be taken on the issue of damages after a later judgment had been entered as to them. Under the present rules, that problem no longer exists, at least when a default judgment is entered following a defendant's failure to plead. Rule 2–613(a) calls for the entry of an order of default as the initial step towards entry of default judgment. This order is a determination of liability but is not a judgment. The next step, assuming there is no timely motion to vacate the order under Rule 2–613(c), or that such a motion is denied, is the entry of judgment following the establishment of damages. Rule 2–613(e). It is at this point, and not until this point, that the default judgment becomes appealable. *See Breuer v. Flynn*, 64 Md.App. 409, 420, 496 A.2d 695, 700–701 (1985), and P. Niemeyer and L. Richards, *Maryland Rules Commentary*, p. 361 (1984).

Rule 625a. Since, continues Moten, no motion to revise or strike the default judgment was filed within 30 days from 6 December 1983, and no appeal was taken from the default judgment entered on that date, it became unreviewable except for fraud, mistake, or irregularity—circumstances not asserted here. O'Connor's motion to strike the default judgment, which motion was not filed until 4 April 1984, did not raise those issues. As a consequence, Moten concludes, the default judgment is unreviewable. In view of the unusual facts of this case, we see the matter otherwise.

■ Former Md. Rule 323b. mandated that a motion raising lack of personal jurisdiction, which is what O'Connor initially filed, "shall be filed before any other pleading is filed, and unless so filed, the defense shall be deemed to have been waived." O'Connor complied with this rule. Had he done otherwise, for example, by joining with his preliminary objection a motion to strike the default judgment because of the existence of meritorious defenses, he would have waived his objection to personal jurisdiction. *Eastham v. Young*, 250 Md. 516, 243 A.2d 559 (1968). *See also Harvey v. Slacum*, 181 Md. 206, 29 A.2d 276 (1942) (when general issue plea filed after objection to personal jurisdiction made, the objection is waived). Moreover, O'Connor's preliminary objection on the ground of personal jurisdiction was, in effect, a motion to strike the default judgment. A default judgment cannot properly be entered absent personal jurisdiction over the defendant. *Fick v. Towers*, 152 Md. 335, 136 A. 648 (1927); *Kraft v. Sussex Constr. Corp.*, 35 Md.App. 309, 370 A.2d 570 (1977).

O'Connor, then, timely filed what amounted to a motion to strike the default judgment, and he asserted his personal jurisdiction objection before any other basis for attacking the judgment, as Rule 323 required him to do. Rule 323c. instructed (subject to an exception not here pertinent) that "the filing of a motion under this Rule shall extend the time for pleading pursuant to section a of Rule 309. . . ." The latter rule allowed a 15 day pleading extension after disposi-

tion of "a pleading requiring a ruling by the court...."
O'Connor's motion raising preliminary objection clearly was
"a pleading requiring a ruling by the court" and a 15–day
extension is precisely what Judge Melbourne gave him
when she denied the motion on 21 March 1984.

Moten argues that O'Connor's subsequent motion to va-
cate was not a "pleading" within the contemplation of
former Rules 309 and 323. He is wrong. Former Rule 5 v.
defined "Pleading" as, among other things, "any paper filed
in an action ... filed with the object of ... obtaining any
decision or act by the court...." [3] Beyond peradventure of
a doubt, O'Connor's motion to strike is encompassed by that
definition. Its whole purpose was to obtain a "decision or
act by the court"—to wit, striking the default judgment.

■ Under these circumstances, we hold that when
O'Connor's timely Rule 323 motion was denied, he had an
additional 15 days to file a motion to vacate the default
judgment. Under the unusual facts of this case, the Rule
625 a. 30–day period for filing a motion to revise (strike) the
judgment was extended to allow him to file the second
motion within the period allowed by both former Rule 309
and Judge Melbourne's order. Since he did file that second
motion timely, that is, within the time prescribed by former
Rule 625 a., as extended by our reading of former Rules 309
and 323, the trial court retained power to act on it even
absent any demonstration of fraud, mistake, or irregularity.
*See Cramer, Trustees v. Wildwood Development Co.,* 227
Md. 102, 175 A.2d 750 (1961). To hold otherwise would be
to require O'Connor to waive either his jurisdictional objec-
tion or his defense on the merits. That would be an absurd
construction of the former rules, and would fly in the face
of their express provisions.[4] *See Johnson v. State,* 274 Md.

---

**3.** This definition of "pleading" was far broader than the present one.
*See* Rule 1–202 (q).

**4.** We note that the dilemma faced by O'Connor in this case would not
exist under the present rules. Had those rules been in effect in

29, 41, 333 A.2d 37, 43 (1975); *Baltimore Transit Co. v. Mezzanotti*, 227 Md. 8, 19–20, 174 A.2d 768, 774 (1961).

We further hold, therefore, that the Court of Special Appeals erred in dismissing O'Connor's appeal. For the reasons stated, the in banc court's reversal of Judge Melbourne's order vacating the default judgment must, in turn, be reversed.[5]

JUDGMENT OF COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTION TO REVERSE THE JUDGMENT OF THE IN BANC COURT WHICH SHALL, IN TURN, REMAND THIS CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. APPELLEE TO PAY THE COSTS.

---

December, 1983, and had the court entered an order of default against O'Connor on 6 December (Rule 2–614(a)), O'Connor could have filed, on 4 January 1984, a motion both questioning personal jurisdiction and seeking to strike the order of default because of the existence of meritorious defenses. By doing so, he would not have waived the personal jurisdiction issue. Rule 2–322(a)(1), requires lack of jurisdiction over the person to be raised by a motion filed before answer. The defense is waived if "not so made and the answer is filed...." But Rule 2–322(f) allows a party "who makes a motion under this Rule [to] join it with any other motions then available to the party." If that is done, "[n]o defense or objection raised pursuant to this Rule is waived by being joined with one or more such other defenses or objections in a motion under this Rule." Since a motion to vacate pursuant to Rule 2–613(c) would have been available to O'Connor on 4 January 1984 (had the present rules then been in effect) he could have joined such a motion with the objection to personal jurisdiction without waiving that objection.

5. O'Connor's objection to personal jurisdiction is not before us; it was not included in our grant of *certiorari*. *McCray v. State*, 305 Md. 126, 501 A.2d 856 (1985). In any event, O'Connor is subject to the jurisdiction of the Circuit Court for Prince George's County. *See Keen v. Keen*, 191 Md. 31, 60 A.2d 200 (1948); *Guen v. Guen*, 38 Md.App. 578, 381 A.2d 721 (1978).