## BOLOTIN *v.* SELIS

[No. 93, October Term, 1956.]

240

*Decided February 12, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

Submitted on brief by *I. Irwin Bolotin, pro se,* for the appellant.

Submitted on brief by *Stanley B. Frosh* and *Arthur I. Willcher* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

A judgment by confession was entered in this case and, on motion, the trial court passed an order declining to strike it out after hearing. The appellant contends that this was error.

The facts are meager but undisputed. The appellant and Augustus Selis executed two promissory notes dated August 1, 1955, and September 9, 1955, each payable 90 days after date to the order of The National Metropolitan Bank of Washington, containing an authorization for any attorney of any court of record to appear for the makers and confess judgment for such amounts as may be due and unpaid. Both notes were endorsed by Leopold Selis and subsequently paid by him at the Bank. He filed his declaration, affidavit of merit and the two notes, in the Circuit Court for Montgomery County, on December 21, 1955, and judgment was entered on the same date. A writ of summons was served upon the appellant, who filed his motion to strike on January 19, 1956, "appearing specially" for the purpose. The grounds of the motion were that the defendant "is not now and never was indebted to the plaintiff as alleged", that "this defendant never promised to pay the plaintiff as alleged", and that "this defendant signed the promissory notes, * * * solely for the accommodation of the plaintiff, and his son Augustus Selis, * * *." The motion also prayed leave to file pleas. An affidavit was attached to the motion stating that "the matters and things set forth therein are true in substance and fact." It does not appear that any evidence was offered in support of the motion at the hearing.

The Rules of Practice and Procedure, Part Three, II, Rule 1 (b) (designated as Rule 645 b. in the Revised Rules effective January 1, 1957), provides, in part, that a defendant, upon receipt of summons, may show cause within thirty days "why the judgment should be vacated, opened or modified", and that "any application", so made, shall be promptly heard, "and such action taken as the court may deem just." In *Foland v. Hoffman,* 186 Md. 423, 431, it was said: "This rule requiring a defendant to be summoned and show cause within thirty days from service upon him of a *nisi* order why the

judgment should be vacated, opened, or modified, did not change the existing practice in such cases. It provided a means to inform the judgment debtor of the judgment, and afforded him an opportunity to move that it be vacated, opened, or modified. He should file a motion under oath, setting out fully all the facts and circumstances tending to show that the judgment should be stricken out, * * *. Upon proper proof, the court will so order. For a full treatment of the proper practice see *Keiner v. Commerce Trust Co., supra,* 154 Md. [366] at pages 370, * * *."

In the *Keiner* case it was said (p. 370) that "* *. * although such a motion 'must be supported by satisfactory proof of conditions which make such action necessary to serve the ends of justice' (*Wisner v. Reeside,* 139 Md. 223), the court in dealing with it 'should be very careful to see that no improper advantage has been taken of the maker * * *'." Again it was said (p. 371) that it must be shown "that there are substantial and sufficient grounds for an actual controversy as to the merits of the case * * *." Cf. *Anders v. Devries,* 26 Md. 222. In *Vane v. Stanley Heating Co.,* 160 Md. 24, not only was there a full and explicit statement of the defense, but testimony was taken at length in open court. In *Johnson v. Phillips,* 143 Md. 16, 21, it was said that although a judgment ought not to be stricken out on the mere *ex parte* affidavit of the defendant, "under our practice it can decide the question on affidavits or testimony, as the court may order, although the latter is preferable." A demurrer is not a proper method of answering this type of motion. *Craig v. Bldg. & Loan Ass'n,* 171 Md. 522. In *Freeman, Judgments* (5th Ed.), § 1342, it is said: "In support of an application to open a judgment by confession there must be a sufficient showing by affidavit or other appropriate method, of a meritorious defense, unless the judgment is wholly void for lack of jurisdiction." See also, Note, 174 A. L. R. 10, 43, where it is said to be the general rule that a general denial of liability is not sufficient.

In the instant case the grounds of the motion amount to no more than the general issue pleas. Even the claim, that the judgment debtor was an accommodation maker, would seem to set up a defense that could be presented under the general is-

sue pleas. Cf. *Citizens Nat. Bank v. Custis,* 153 Md. 235, 243, and *Foland v. Hoffman, supra.* Under the cases heretofore cited, we think the allegations of the motion fall short of a full disclosure of the facts and circumstances tending to show that the judgment should be stricken out, and if any proof was offered at the hearing, the record does not disclose it. In this connection, we think there is perhaps an analogy to the practice in regard to summary judgments, where it has been held that a general denial is not enough. Cf. *Frush v. Brooks,* 204 Md. 315, 320, and cases cited. The opening of a confessed judgment is based on the exercise, by courts of law, of a quasi-equitable jurisdiction, *Keiner v. Commerce Trust Co.,* 154 Md. 366, 371; cf. *Pioneer Oil Heat v. Brown,* 179 Md. 155. The requirement that there be a proper showing of facts, which if proved would constitute a meritorious defense, is a prerequisite in any case where it is sought to vacate a judgment or decree. Mere conclusions of the pleader are not sufficient. There must be a showing of facts, by affidavit or testimony, that present a controversy for determination by a court or jury.

Finding nothing in the record to support the bald allegations of the motion, the denial of the motion must be affirmed.

*Order affirmed, with costs.*