540 A.2d 151

**OFFICE OF PEOPLE'S COUNSEL, et al.**

**v.**

**ADVANCE MOBILEHOME CORPORATION, et al.**

**No. 1249, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

April 14, 1988.

Certiorari Denied June 27, 1988.

Robert F. Kahoe, Jr., of Bel Air, for appellants.

Michael E. Leaf (Charles R. Wellington and Leaf & Hertsch, on the brief), Bel Air, for appellees.

Argued before ALPERT, ROBERT M. BELL and WENNER, JJ.

ALPERT, Judge.

This case ostensibly comes to us as an administrative (zoning) appeal; we shall, however, resolve it on procedural grounds. Appellees, Terrence P. Wheatley, Otis R. Redmond and Anna M. Redmond, circuitously attempted to

reverse an enrolled judgment by motion filed more than 30 days after entry of the judgment. This they cannot successfully do.

On June 4, 1985, Advance Mobilehome Corp. (hereinafter referred to as "Advance"), filed a request with the Harford County Board of Appeals seeking to expand a mobile home conditional use previously approved in 1977. Advance sought approval for 84 additional homes on a site originally approved for 115 homes.

After a hearing, the Zoning Hearing Examiner recommended that an additional 27 lots should be approved, subject to Advance's compliance with 11 specified conditions. The Harford County Council, acting as the County Board of Zoning Appeals, accepted the examiner's recommendation in part. It allowed an additional 15 lots and added one further requirement as a condition of its approval.

Advance filed a timely order for appeal with the Circuit Court for Harford County. It sought approval for all 84 lots and the deletion and/or modification of a number of the conditions imposed on the development. In an opinion and order filed February 25, 1987, the trial judge affirmed the final decision of the Board of Appeals. Counsel for Advance then sent a letter dated March 10, 1987 to the trial judge seeking reconsideration of several conditions imposed on the development, including requirements for a buffer zone and certain storm water management conditions. By letter dated March 13, the trial judge informed counsel that the letter from Advance would be treated as a Motion to Alter or Amend Judgment, pursuant to Maryland Rules 2–534 and 2–535.[1] That letter motion was received by the court 14 days after entry of judgment. In response to the motion, the trial judge informed Advance that "we will be

---

1. The letter from the trial judge incorrectly referred to Rules 3–534 and 3–535 (the District Court Rules) instead of 2–534 and 2–535. In a Supplemental Memorandum Opinion and Order, the trial judge noted that the reference to the District Court Rules had been inadvertent.

happy to receive any further argument that you wish to make on the issues noted." No additional information was submitted, however, and consequently, on June 2, 1987 the trial judge denied the motion to alter or amend the judgment.

On June 24, 1987, four months after entry of the judgment and 22 days after the trial judge denied Advance's motion to alter or amend judgment, Terrence P. Wheatley, Otis R. Redmond and Anna M. Redmond (hereinafter the "Intervenors") filed a motion to intervene pursuant to Maryland Rule 2–214. The three held a lien on the mobile home park that was the subject of the zoning appeal. Advance had defaulted on its loan and had filed a Chapter 11 petition in the United States Bankruptcy Court. The bankruptcy stay was lifted, however, to permit the Intervenors to foreclose on the property under their deeds of trust. They subsequently filed the motion to intervene in the zoning case because of the "material impact" the zoning appeal would have on the value of the property at any upcoming foreclosure sale. On June 25, 1987, the Intervenors also placed with the Harford County Circuit Court a motion to alter or amend judgment.[2]

The Intervenors' motion did not specify precisely which order they wanted modified—was it the original judgment of February 25, 1987 or the denial of Advance's Motion to Alter or Amend on June 2, 1987? On appeal, the Intervenors contend they challenged the latter. The Intervenors' motion to alter or amend simply stated as grounds for the motion that

the decision of this Court as stated in the Memorandum Opinion and Order dated February 25, 1987 failed to consider and decide several critical issues in this case.

Moreover, the relief their motion requested was a "revers[al] [of] the decision of the Board of Appeals of Harford

---

2. The motion was not officially filed until the court granted their motion to intervene as a party to the suit and gave them leave to file their motion to alter or amend.

County and [a] remand[] of the case to the Board of Appeals with instructions to approve the eighty four (84) requested mobilehome spaces without conditions[.]" The Intervenors did argue, however, in their Response to Motion to Strike filed by the People's Counsel for Harford County that their motion was timely, inasmuch as they "filed a Motion to Alter or Amend Judgment on June 30, 1987, well within thirty (30) days after the Court denied Advance Mobilehome Corporation's Motion on June 2, 1987." [3]

The trial judge granted the motion to intervene and gave the Intervenors leave to file their Motion to Alter or Amend Judgment on June 30, 1987. On August 13, 1987, the trial judge also granted the Intervenors' motion to alter or amend, pursuant to Rule 2–535. He concluded that he had jurisdiction over the matter under 2–535 "since more than ten (10) days passed *from our last decision in the matter (June 2, 1987)."* (Emphasis added). He remanded the zoning appeal to the Board of Appeals for further consideration in light of the legal arguments raised by the Intervenors. The Office of the People's Counsel then noted this appeal.

The parties raised several arguments in their briefs to this court.[4] Inasmuch as we agree with appellant's argument that the trial judge was without authority to grant the second motion to revise filed almost four months after judgment, we need not reach the merits of the zoning appeal.

---

3. We will assume that the Intervenors technically sought a revision of the court's denial of Advance's motion to revise. If Intervenors' motion directly sought to revise the original judgment issued four months previously, the motion would be untimely on its face absent an allegation of fraud, mistake or irregularity. *See* Md. Rule 2–535.

4. We have concluded that only the Intervenors and not Advance are appellees in this case. Advance did not join the second motion to alter or amend which is the subject of this appeal. Counsel for the Intervenors identifies the "appellees" simply as Terrence P. Wheatley, Otis R. Redmond and Anna M. Redmond. We believe this is correct. This somewhat unique procedural posture, however, has no substantive effect on our ultimate disposition of the case.

The Maryland Rules of Procedure attempt to balance the court's need for finality against the parties' desire for substantial justice. Thus, the Rules permit the judge to revise a judgment but only under certain specified conditions. Under Maryland Rule 2–535(a) and § 6–408 of the Courts and Judicial Proceedings Article, a party may make a motion to alter or amend the judgment. If the motion is made within 30 days of judgment, "the trial court possesses an extremely broad power of revision and must exercise its discretion liberally 'lest technicality triumph over justice.'" *Hamilton v. Hamilton,* 242 Md. 240, 243, 218 A.2d 684 (1966), *cert. denied,* 385 U.S. 924, 87 S.Ct. 239, 17 L.Ed.2d 147 (1966), quoting *Eshelman Motors v. Scheftel,* 231 Md. 300, 189 A.2d 818 (1963).[5]

■ After the judgment becomes enrolled, however, a judgment may be revised only upon a showing of fraud, mistake or irregularity. Maryland Rule 2–535(b). Furthermore, even if a party can establish one of those three grounds, the judgment will not be revised unless the moving party can also show that it is "acting in good faith, with ordinary diligence, and that it has a meritorious defense or cause of action." *Maryland Lumber Co. v. Savoy Constr. Co.,* 286 Md. 98, 102, 405 A.2d 741 (1979). Apparently, the Intervenors concede that they cannot establish grounds that would entitle them to a revision of the judgment under 2–535(b) inasmuch as they do not argue that they meet that subsection's strict criteria.

■ Advance filed a timely motion to revise judgment under Rule 2–535(a) [6] 14 days after entry of judgment. The

---

**5.** "So long as the motion is timely filed, the court's revision of the judgment, if any, need not occur during the 30–day period." Niemeyer and Richards, *Maryland Rules Commentary* at 323 (1984), citing *Cramer v. Wildwood Dev. Co.,* 227 Md. 102, 175 A.2d 750 (1961).

**6.** Rule 2–534 provides for a motion to alter or amend judgment filed within 10 days of judgment. Although this rule provides the same relief for the moving party as 2–535 (*i.e.,* a change in the judgment), the 2–534 motion tolls the running of the time for appeal (*Unnamed*

trial judge had discretion to seek additional information and to act on the motion after expiration of the 30-day period, although he was obligated to act on the motion within a reasonable time. *See Buffin v. Hernandez,* 44 Md.App. 247, 408 A.2d 393 (1979) and n. 4, *supra.* When no additional information was forthcoming from Advance, the trial judge denied Advance's motion to revise the judgment.

██ The critical question that must be resolved, however, is what rights the Intervenors had after the trial judge denied Advance's motion to revise on June 2, 1987, more than three months after the judgment was initially entered. The Intervenors argue in their brief that since their motion to revise was filed within 30 days from the date of the denial of Advance's motion, they were entitled to challenge the denial of that motion. We disagree.

We believe that the trial judge abused his discretion when he granted the second motion to alter or amend filed more than 30 days after judgment. The Intervenors apparently read Rule 2-535(a) to permit the court to exercise its revisory power if motion is made within 30 days of any judicial *order.* They rely on the definition of "Judgment" found in Maryland Rule 1-202(m) which provides:

**Rule 1-202. DEFINITIONS**

In these rules the following definitions apply except as expressly otherwise provided or as necessary implication requires:

*   *   *   *   *   *

(m) **Judgment.**—"Judgment" means any order of court final in its nature entered pursuant to these rules.

They reason that as long as their motion was filed within 30 days of the order denying Advance's motion to alter or amend, they may file a second motion to alter or amend,

---

*Att'y v. Attorney Grievance Comm.,* 303 Md. 473, 494 A.2d 940 (1985) and Md. Rule 1012d), while the 2-535 motion does not (*Young v. Young,* 61 Md.App. 103, 484 A.2d 1054 (1984)). Since Advance filed its motion 14 days after judgment, it was a 2-535 motion and the time for appeal expired 16 days later.

challenging the denial. Their interpretation of 2–535, however, flies in the face of the import of the rule and the cases that have developed under that rule.

The purpose of limiting a trial court's discretion to revise enrolled judgments is to "promote finality of judgment and to insure that litigation comes to an end." *Haskell v. Carey*, 294 Md. 550, 558, 451 A.2d 658 (1982). Although a trial judge has wide discretion to revise judgments if a motion is filed within 30 days from judgment, that discretion is sharply curtailed once the 30 day period has expired without a motion to revise. *Id.* at 558, 451 A.2d 658. At that point, the judgment becomes enrolled and cannot be revised absent a showing of fraud, mistake or irregularity. As the Court of Appeals explained:

> Underlying this long settled rule is the principle that, once parties have had the opportunity to present before a court a matter for investigation and determination, and once the decision has been rendered and the litigants, if they so choose, have exhausted every means of reviewing it, the public policy of this State demands that there be an end to that litigation.

*Schwartz v. Merchants Mortgage Co.*, 272 Md. 305, 308, 322 A.2d 544 (1974). To accept the Intervenors' argument would permit a succession of motions, each of which could challenge the denial of a refusal to revise, *ad infinitum.*

The Intervenors cannot better their position by relying on Advance's timely motion to amend. The 30–day period for appeal expired on March 27, 1987, 30 days after judgment was originally entered. As noted by Niemeyer & Richards in the *Maryland Rules Commentary*, filing a motion to revise generally means that the moving party is declining to pursue an appeal. *Maryland Rules Commentary* at 324. As the authors noted:

> The filing of a motion to revise a judgment is, as a practical matter, a substitute for appeal. The moving party's last attempt to win is directed to the trial court, instead of to the Court of Special Appeals. Because there is no stay of the time for appeal, the party who makes a

motion under this rule must wait 15 days for the opponent's response (see Rule 2–311(h)) and obtain the court's decision on the motion in sufficient time to file an appeal within the required 30–day period. Of course, the party may notice an appeal at any time during the 30–day period, regardless of the pendency of a motion to revise. By filing a notice of appeal, however, the party foregoes a decision on the motion to revise because the notice of appeal ousts the trial court of jurisdiction to determine the motion.

*Id.*

In the case at bar, Advance did not file an order for appeal within 30 days from the date of judgment. *See* Md. Rule 1012. Instead, Advance sought further review by the circuit court when it submitted its motion under Rule 2–535(a). Once Advance's motion for revision of judgment was denied more than 30 days after judgment, the Intervenors were not entitled to rehash the merits of the zoning appeal by filing a second motion to revise the judgment, raising a new theory as to why the judgment was erroneous. At that point, the original judgment could be revised only upon a showing of fraud, mistake or irregularity.[7]

Although the Intervenors contend that they filed a timely motion to revise the denial of Advance's motion to revise (and not an untimely motion to revise the original judgment), this distinction is illusory. What is the practical effect of allowing them to file a motion to revise the denial of a motion to revise? It effectively would allow them to attack an enrolled judgment on grounds other than fraud,

---

**7.** The parties also theoretically could have challenged the denial of Advance's motion by noting an appeal from the order of denial. *See B & K Rentals & Sales Co. v. Universal Leaf Tobacco Co.,* 73 Md.App. 530, 535 A.2d 492 (1988) (Opinion by Pollitt, J.). The issue on appeal, however, would be "whether the hearing judge abused his discretion." *Id.* at 537, 535 A.2d 492. In *B & K Rentals,* we expressly noted that an appeal from a denial of the motion to reconsider a judgment "does not serve as an appeal from that judgment." *Id.*

mistake or irregularity, which is expressly forbidden by Rule 2–535(b).

JUDGMENT OF AUGUST 13, 1987 VACATED AND ORIGINAL JUDGMENT OF 2/25/87 REINSTATED; COSTS TO BE PAID BY APPELLEES.