553 A.2d 752

**Nouha HANNA**

v.

**QUARTERTIME VIDEO & VENDING CORPORATION.**

No. 682, Sept. Term, 1988.

Court of Special Appeals of Maryland.

March 1, 1989.

Michael I. Gilbert, Baltimore, for appellant.

Michael J. Gaffney, Baltimore, for appellee.

Argued before BLOOM, ROSALYN B. BELL and WENNER, JJ.

ROSALYN B. BELL, Judge.

The sole question presented here is whether an order of default and a default judgment may continue to be revised in the discretion of the court[1] until a final judgment is entered in compliance with Rule 2-602.[2] Although appellee

---

1. Although we will hold that ordinarily a court has the power to strike or modify its orders prior to entering final judgment, in the instant case the trial judge relied upon Rule 2-535. Hence, we must consider it. Rule 2-535 provides:

"(a) Generally.—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2-534.

"(b) Fraud, Mistake, Irregularity.—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity."

2. Rule 2-602 provides:

"(a) Generally.—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties; and

contends the court's right to revise is limited by Rule 2–613(f),[3] our answer is the court may revise its order in its discretion until entry of a final judgment. To reach the question, we need to utilize our newly granted authority to finalize the judgment under Rule 8–602(e).[4]

---

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

"**(b) When Allowed.**—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties; or

(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only."

3. Rule 2–613 provides in pertinent part:

"**(a) Order of Default.**—If the time for pleading has expired and a defendant has failed to plead as provided by these rules, the court, on written request of the plaintiff, shall enter an order of default. The request shall state the last known address of the defendant.

\*　　\*　　\*　　\*　　\*　　\*

"**(c) Motion by Defendant.**—The defendant may move to vacate the order of default within 30 days after its entry. The motion shall state the reasons for the failure to plead and the legal and factual basis for the defense to the claim.

"**(d) Disposition of Motion.**—If the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action and that it is equitable to excuse the failure to plead, the court shall vacate the order.

"**(e) Entry of Judgment.**—If a motion was not filed under section (c) of this Rule or was filed and denied, the court, upon request, may enter a judgment by default if it is satisfied (1) that it has jurisdiction to enter the judgment and (2) that the notice required by section (b) of this Rule was mailed. If, in order to enable the court to enter judgment, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any matter, the court may rely on affidavits, conduct hearings, or order references as appropriate, and, if requested, shall preserve to the plaintiff the right of trial by jury.

"**(f) Finality.**—A default judgment entered in compliance with this Rule is not subject to the revisory power under Rule 2–535(a) except as to the relief granted."

4. Rule 8–602(e) provides in pertinent part:

"(1) If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct the

This is an appeal from a judgment of the Circuit Court for Baltimore City in which the trial judge refused to revise a default judgment granted to Quartertime Video & Vending Corporation against Nouha Hanna. The relevant facts are few.

Quartertime is in the business of placing coin-operated amusement machines in stores. It had placed machines in Hanna's store under what it called a Location Agreement. Hanna sold the store to William and Barbara Lawson, who, for reasons not pertinent here, had the machines removed and contracted with Crown Services, Inc. to replace them. Quartertime sued Hanna, the Lawsons and Crown. The Lawsons and Crown filed answers; Hanna did not. An order of default was entered against Hanna on July 8, 1987 and a default judgment in the amount of $32,496.13 was entered on September 8, 1987. On October 8, 1987, Hanna filed a motion to vacate the order of default and the default judgment, contending she had never been served and that she had a meritorious defense. At an evidentiary hearing, the trial judge held that she was properly served; that notice of default had been properly mailed; that she did have a meritorious defense, but that no fraud, mistake or irregularity "as required by Rule 2–535(b)" was shown, and she had not been diligent in proceeding.

## AN INTERLOCUTORY ORDER

■ The case has yet to be tried as to the Lawsons and Crown. An adjudication that determines the rights and

entry of a final judgment pursuant to Rule 2–602(b), the appellate court may, as it finds appropriate, (A) dismiss the appeal, (B) remand the case for the lower court to decide whether to direct the entry of a final judgment, (C) *enter a final judgment on its own initiative,* or (D) if a final judgment was entered by the lower court after the notice of appeal was filed, treat the notice of appeal as if filed on the same day as, but after, the entry of the judgment.

\* \* \* \* \* \*

"(3) If the appellate court enters a final judgment on its own initiative, it shall treat the notice of appeal as if filed on the date of the entry of the judgment and proceed with the appeal." (Emphasis added.)

liabilities of fewer than all the parties is "not a final judgment" and is subject to "revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties." Rule 2–602(a)(3). There is an exception and that occurs "if the court expressly determines in a written order that there is no just reason for delay," and directs in the order the entry of a final judgment. Rule 2–602(b). This simply did not occur here. The judgment here, therefore, is an interlocutory order pending completion of the suit.

This is precisely appellant's point. She says that, since the judgment is not final, it continues to be subject to revision. Hence, the trial judge in her or his discretion may revise the judgment and need not apply the more stringent requirement of fraud, mistake or irregularity to revision until 30 days after the judgment is made final. She contends that judgment may be made final either by certification under Rule 2–602(b) or the resolution of all claims by and against all parties as contemplated under Rule 2–602(a).

This presents us with a dilemma. If the judgment is not final, we have no jurisdiction and must dismiss the case. The purpose of limiting appeals to final judgments, Md.Cts. & Jud.Proc.Code Ann. § 12–301 (1974, 1984 Repl.Vol.), is to limit piecemeal appeals—in effect, to keep litigants from running to the appellate court with each and every ruling they do not like.

On the other hand, the purpose of Rule 2–602(b) is to permit the pursuit of an appeal in those cases where to do otherwise would work an injustice. Hence, the trial judge is given an opportunity to examine the circumstances and, if he or she determines in writing that no just reason for delay is present, final judgment may be entered.

Since no such certification was requested or granted, our only alternative prior to July 1, 1988 [5] would be to dismiss

---

**5.** The appeal in this case was already pending on July 1, 1988, but the order adopting the Title 8 Rules provides that they apply "to all

the appeal. On that date, Rule 8–602(e) became effective. Under that Rule, if we, as an appellate court, determine that the order appealed from is not a final judgment, but that the trial court did have discretion to enter such under Rule 2–602(b), we have alternatives to dismissal. We may "remand the case for the lower court to decide whether to direct the entry of final judgment [or] enter a final judgment on [our] own initiative." In the instant case, we note that appellee's theory of liability as to each party differs substantially. It sued Hanna for liquidated damages and attorney's fees under the Location Agreement; it sued the Lawsons as successors to Hanna; and it sued Crown for malicious interference with a contract. More significantly to us in viewing the alternatives, the question of the finality of this judgment bears no relationship to any other issue that might ultimately be appealed. Also, uniquely, no matter what the result of the trial of the other two defendants, this issue would still be viable and in all likelihood would still be the subject of an appeal. Under these particular circumstances, we will exercise our own initiative and enter a final judgment under Rule 8–602(e)(1). In accordance with that exercise, we shall treat the appeal as if filed on the date of the entry of this judgment and proceed. Rule 8–602(e)(3).

## THE JUDGMENT

In this case, we are dealing with an order of default and a default judgment. The order of default determines liability; the default judgment determines the relief granted. Upon entry of an order of default, the clerk is required to issue a notice advising the defendant that such an order has been entered and that the defendant may move to vacate the order within 30 days of entry. Rule 2–613(f) specifically provides that "a default judgment entered in compliance

---

appellate proceedings then pending" in the appellate courts insofar as practicable.

with this Rule is not subject to the revisory power under Rule 2–535(a) except as to the relief granted."

Appellee argues that the liability issue could not be subject to the discretionary revisory power of the court after the expiration of the 30 days. In other words, the solely discretionary revisory power is not available to this default judgment except as to the relief granted. On the other hand, appellant contends that if an order is subject to "revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties," Rule 2–602(a), an order of default continues to be subject to revision despite the provisions of Rule 2–613(f). Appellant argues that since in the instant case the order of default was not final upon entry of the judgment of default, and in fact was not final until this day, it could have been revised without reference to the more rigorous standard of fraud, mistake or irregularity.

## THE RULES

We are faced again with determining the interplay of several Rules. We are directed to construe them to "secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." Rule 1–201(a). Since they have the force of law,[6] they are controlled by the same principles that apply to statutes. *Goldston v. Karukas*, 180 Md. 232, 235, 23 A.2d 691 (1942). The applicable rules of statutory construction require that, when two statutes enacted at different times cover like subject matter, but do not refer to each other, "they should be construed, if at all feasible, so as to give as full effect to each other as possible. Moreover, if the statutes are not irreconcilable, they should be construed in harmony with

---

**6.** As was pointed out earlier, Rule 2–535(a) and (b) effective July 1, 1984 is also mirrored in Md.Cts. & Jud.Proc.Code Ann. § 6–408, effective July 1, 1977. Any difference in wording between the Rule and the statute is not pertinent here.

their respective objects." *Haskell v. Carey*, 294 Md. 550, 558, 451 A.2d 658 (1982).

Our view of Rules 2–602(a), 2–535 and 2–613(f) is that they are not irreconcilable if 2–535 and 2–613(f) are construed to be applicable only to final judgments. We find support in this approach in *Haskell* as this construction does not violate the purpose of either Rule 2–535(b) or 2–613(f). To explain, we look at the purpose of these two Rules.

### —Purpose—

In *Haskell,* the Court of Appeals construed two statutes: (1) the right of the court to revise a judgment under Md.Cts. & Jud.Proc.Code Ann. § 6–408 [7] and (2) a prohibition against revising a judgment foreclosing the equity of redemption except on the ground of lack of jurisdiction or fraud in the conduct of the proceedings to foreclose under Article 81, § 113. The Court held the statutes to be in harmony if § 113 was read to refer only to enrolled judgments. In so construing the statutes, the Court had occasion to conclude that the "purpose of limiting a trial court's discretion to revise an enrolled judgment is to promote finality of judgment and thus to insure that litigation comes to an end." *Haskell,* 294 Md. at 558, 451 A.2d 658.

Just as the purposes of § 6–408 and its counterpart in the Rules (Rule 2–535) are closely linked to the finality of judgments, so too is Rule 2–613. The purpose of precluding a review of liability after the expiration of 30 days is to

---

7. Prior to July 1, 1984, the effective date of major revision of the Maryland Rules, the practice was to enter judgments *nisi* and judgments absolute. We also had unenrolled and enrolled judgments, under which a judgment became enrolled after 30 days in the absence of revision or a request for revision. The concepts of judgments *nisi* and judgments absolute have been dropped and an adjudication is called a judgment that becomes enforceable after an automatic ten-day stay unless further stayed. As to unenrolled and enrolled judgments, the designations have disappeared; however, the distinction has remained as applied in Rule 2–535. The retention of this latter distinction is significant as it explains the continued applicability of cases decided under the prior law.

secure finality of the order of default, namely, to secure the expeditious handling of litigation, Rule 2–613. The distinction between revision that is purely discretionary and revision that is limited to fraud, mistake or irregularity arises at the expiration of 30 days, Rule 2–535(a) and (b). The distinction between revision of an order of default on a purely discretionary standard and revision that is limited to fraud, mistake or irregularity arises at the expiration of 30 days. Rule 2–613. Viewed from the perspective of the purpose of securing finality, the reason for the distinction between the standards in Rule 2–535 simply disappears when the judgment is not final. So too, viewed in the same perspective, the reason for the distinction between the standards in Rule 2–613 simply disappears when the judgment is not final. In *Haskell*, the Court quoted *Hamilton v. Hamilton*, 242 Md. 240, 243, 218 A.2d 684, *cert. denied*, 385 U.S. 924, 87 S.Ct. 239, 17 L.Ed.2d 147 (1966):

" 'While there is a strong public policy in favor of sustaining the finality of divorce decrees, this policy would not operate in regard to an unenrolled decree before parties could have changed their position and relied on it to their detriment.' " (Citations omitted.)

The Court of Appeals went on to say:

"The rationale underlying this conclusion is that the 30–day period in which a trial court has broad discretionary power to revise an unenrolled judgment is concurrent with the 30–day period in which an appeal may be filed, [Rule 8–204], and, therefore, is a period during which the parties themselves would not change their position or rely upon the judgment to their detriment."

*Haskell*, 294 Md. at 559, 451 A.2d 658.

In Maryland Rules Commentary, Niemeyer and Richards wrote of the limitation of the revisory power of the court under Rule 2–535(a) the limitation to damages only after entry of the default judgment.

"The reason for this limitation is to avoid giving the defendant in default two opportunities to set it aside. The defendant had one opportunity, for a period of 30

days following entry of the order, to file a motion to vacate the order of default. To give the defendant an opportunity to set aside the default under the revisory power of the court as well would give the defendant a second crack."

Niemeyer and Richards, Maryland Rules Commentary 362.

The denial of that second chance furthers the purpose of securing the finality of the judgment and the expeditious handling of litigation. The importance of the denial of that second chance is diminished where the default judgment is not final. In fact, where the judgment is not final, the unavailability of the second chance may be counterproductive. For instance, the defaulted litigant may have a crossclaim against a co-party. Where there are multiple parties, the defaulted litigant may well have a valid interest which might merit intervention, such as the possible joint and several liability of co-parties.

### —Revision—

Rule 2–602(a)(3) specifies that a nonfinal judgment "is subject to revision at any time before the entry of a final judgment that adjudicates all of the claims by or against all of the parties." Unless this means revision within the discretion of the court, the provision is meaningless because revision for fraud, mistake or irregularity is always available even after the judgment is final as to all parties.

Let us look at an analogous situation. A final order granting summary judgment would not be subject to discretionary revision under Rule 2–535(a) in the absence of a request within 30 days of its entry. Yet, where a summary judgment is not final, it is subject to revision by the trial judge within her or his sound discretion until the judgment is final without regard to the necessity of establishing fraud, mistake or irregularity and without regard to diligence. Rule 2–602(a); *Associated Realty Co. v. Kimmelman*, 19 Md.App. 368, 375, 311 A.2d 464 (1973). *See also*

*Ralkey v. Minnesota Mining & Mfg. Co.*, 63 Md.App. 515, 521, 492 A.2d 1358 (1985). Under this approach, a partial summary judgment could be entered as to one party as to liability only, and the amount extended later. There appears to be no reason that the partial summary judgment as well as the ultimate relief is not subject to revision until the judgment is made final as to all parties—again in the absence of a certification under Rule 2–602(b). We see no rational basis to treat an order for default in a different manner than a motion for summary judgment where there is no final judgment.

We hold that ordinarily [8] Rule 2–613(f) and Rule 2–535 do not preclude the exercise by the court of its discretion to revise any interlocutory order until a final judgment is entered. Where Rule 2–535 does not apply because the judgment is not final, the court may, under its inherent power, control its own judgments until finality. To allow otherwise would make all interlocutory orders of over 30 days the rule of the case, subject only to revision for fraud, mistake or irregularity. Certainly, we do not fetter trial judges in this manner. *Ralkey*, 63 Md.App. at 521, 492 A.2d 1358. Appellant was entitled to have the trial judge exercise his discretion "liberally lest technicality triumph over justice." *J.B. Corp. v. Fowler*, 258 Md. 432, 435, 265 A.2d 876 (1970), quoting *Eshelman Motors v. Scheftel*, 231 Md. 300, 301, 189 A.2d 818 (1963). We hold the trial court erred in applying the stringent test set forth in Rule 2–535(b).

JUDGMENT REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.

---

**8.** One exception not pertinent here, however, is a holding by an appellate court on an interlocutory order of the trial court. Such an order would become the rule of the case and could preclude a revision. *Ralkey v. Minnesota Mining & Mfg. Co.*, 63 Md.App. 515, 521, 492 A.2d 1358 (1985).