580 A.2d 1073

**QUARTERTIME VIDEO & VENDING CORPORATION**

v.

**Nouha HANNA.**

**No. 49, Sept. Term, 1989.**

Court of Appeals of Maryland.

Oct. 26, 1990.

Jacob D. Hornstein, Baltimore, for petitioner.

Michael I. Gilbert, Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS*, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland, Retired, Specially Assigned.

---

* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

PER CURIAM.

We granted the petition for a writ of certiorari in this case in order to clarify the relationship between a default judgment entered in accordance with Maryland Rule 2-613, and Maryland Rule 2-602 relating to judgments not disposing of an entire action.

Petitioner Quartertime Video and Vending Corporation is in the business of placing video machines in stores. Under the terms of a "Location Agreement," Quartertime placed video machines in a store owned by the respondent, Nouha Hanna. Subsequently, Hanna sold the store to Barbara and William Lawson. The Lawsons removed Quartertime's machines and contracted with Crown Services, Inc. to replace them.

On January 8, 1987, Quartertime filed a complaint in the Circuit Court for Baltimore City, naming as defendants Hanna, the Lawsons, and Crown Services. The complaint alleged that Hanna, and the Lawsons as successors to Hanna, had breached the "Location Agreement." It also charged Crown Services with "malicious interference with ... contractual relations." Crown Services and the Lawsons filed answers to the complaint; Hanna, however, failed to do so.

On July 8, 1987, in response to a motion by Quartertime, an order of default was entered against Hanna. After Hanna failed to respond to the notice of the default order, Quartertime filed a motion for entry of a default judgment. On September 8, 1987, the circuit court entered a default judgment against Hanna for $27,080.13, plus $5,416.00 in attorney's fees.

On October 8, 1987, Hanna filed a motion to vacate the order of default and the default judgment, claiming that she had not been served and that she had a meritorious defense. At the conclusion of a hearing on the motion, the circuit court found that Hanna had been properly served but that she did have a meritorious defense. Nevertheless, applying the standard for revising judgments set forth in Rule 2-

535(b), the circuit court held that no "fraud, mistake, or irregularity" had been shown.[1] Therefore, in the court's view, it had no authority to revise the default judgment. The trial judge believed that, although Hanna's motion to vacate had been filed within the 30 day period specified in Rule 2–535(a), the court's discretion to revise the default judgment was constrained by Rule 2–613(f) which provides that a default judgment is subject to the revisory power of Rule 2–535(a) only as to the relief granted.[2] Additionally, the trial judge viewed Rule 2–602 as inapplicable because Quartertime had not asserted multiple claims.[3] The court stated: "Plaintiff has only *one* claim made jointly against

---

1. Rule 2–535 states as follows:
   "Rule 2–535. REVISORY POWER
   "(a) *Generally.*—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534.
   "(b) *Fraud, Mistake, Irregularity.*—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity."

2. Rule 2–613(f) provides as follows:
   "(f) *Finality.*—A default judgment entered in compliance with this Rule is not subject to the revisory power under Rule 2–535(a) except as to the relief granted."

3. Rule 2–602 provides as follows:
   "Rule 2–602. JUDGMENTS NOT DISPOSING OF ENTIRE ACTION
   "(a) *Generally.*—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action ... or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:
   (1) is not a final judgment;
   (2) does not terminate the action as to any of the claims or any of the parties; and
   (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.
   "(b) *When Allowed.*—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:
   (1) as to one or more but fewer than all of the claims or parties...."

three parties. The claim against each party arises from the same facts, but merely uses different legal theories."

Hanna appealed, and the Court of Special Appeals reversed, holding that Rule 2–602 was applicable because of the presence of multiple defendants. The intermediate appellate court also rejected Quartertime's argument that Rule 2–602 was inapplicable to default judgments entered in accordance with Rule 2–613. *Hanna v. Quartertime Video & Vending,* 78 Md.App. 438, 553 A.2d 752 (1989). Thus, according to the Court of Special Appeals, the entry of the default judgment against Hanna was an interlocutory order which was subject to revision in the discretion of the trial court until such time as a final judgment was entered in the action which disposed of all claims and parties, as provided for in Rule 2–602(a), or until such time as a final judgment was entered pursuant to Rule 2–602(b).[4] Furthermore, the court held that Rules 2–535 and 2–613(f) were "applicable only to final judgments" and thus had no effect on the ability of the trial court to revise the interlocutory default judgment in this case.

Quartertime filed in this Court a petition for a writ of certiorari which we granted, 316 Md. 508, 560 A.2d 41 (1989). As we agree with the Court of Special Appeals that Rule 2–602 is dispositive, we shall affirm the judgment of the intermediate appellate court.

This Court in several recent cases has addressed the changes in the treatment of orders of default and default judgments brought about by the new rules which became effective July 1, 1984. *See Banegura v. Taylor,* 312 Md. 609, 541 A.2d 969 (1988); *Carter v. Harris,* 312 Md. 371, 539 A.2d 1127 (1988); *Adams v. Mallory,* 308 Md. 453, 520 A.2d 371 (1987); *O'Connor v. Moten,* 307 Md. 644, 647 n. 2,

---

4. The judgment against Hanna was not final because the case against the Lawsons and Crown Services had not been tried. As an appeal can generally be taken only from a final judgment, the Court of Special Appeals, pursuant to Rule 8–602(e), finalized the judgment for purposes of appeal.

516 A.2d 593 (1986). Moreover, in *Banegura v. Taylor*, *supra*, 312 Md. at 618–619, 541 A.2d at 973–974, we took the position that a default order under Rule 2–613 was subject to Rule 2–602, and that if the order did not meet the final judgment requirements of Rule 2–602, the order remained interlocutory. "As an interlocutory order, it was subject to revision within the general discretion of the trial court until a final judgment was entered [in accordance with Rule 2–602]." *Ibid.*

In the present case, the trial judge found Rule 2–602 to be inapplicable because Quartertime was asserting only a single claim, although against several parties. As the Court of Special Appeals pointed out, the trial judge's position was clearly in error. The rule applies to multiple parties as well as multiple claims. Rule 2–602(a) provides that an order, "however designated, that adjudicates ... the rights and liabilities of fewer than all the parties to the action: (1) is not a final judgment; (2) does not terminate the action as to ... any of the parties; and (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties." [5] By its own terms, Rule 2–602 applies to actions involving a single claim and multiple parties in which a judgment is entered as to fewer than all of the parties involved. *See Planning Board v. Mortimer*, 310 Md. 639, 647–648, 530 A.2d 1237, 1241 (1987).[6]

---

**5.** Rule 2–602(b) states that if the court expressly determines in a written order that there is no just reason for delay, it may direct the entry of a final judgment as to fewer than all of the claims or parties. The circuit court, however, made no such written determination in the instant case.

**6.** Rule 2–602 is derived from former Rule 605a. Rule 605a did not expressly apply to multiple parties. Nonetheless, in interpreting former Rule 605a, we consistently held that the term multiple "claims" included multiple parties. *Snowden v. Baltimore Gas & Electric*, 300 Md. 555, 561, 479 A.2d 1329, 1332 (1984); *Starfish Condo. v. Yorkridge Serv.*, 292 Md. 557, 559–560 n. 4, 440 A.2d 373, 375 n. 4 (1982); *Diener Enterprises v. Miller*, 266 Md. 551, 554–555 n. 1, 295 A.2d 470, 473 n. 1 (1972); *Tedrow v. Ford Motor Co.*, 260 Md. 142, 144, 271 A.2d 688, 689

■ In the case at bar, the default judgment adjudicated only Hanna's rights and liabilities. The rights and liabilities of the Lawsons and Crown Services remained to be determined. Under Rule 2–602, the default "judgment" against Hanna was not final and remained subject to revision at any time prior to the entry of an order adjudicating the claims against all of the parties to the action.

Moreover, the authority of the trial judge to revise the "judgment" against Hanna prior to entry of a final judgment was not constrained by either Rule 2–535 or Rule 2–613(f). Rule 2–535(a) limits the period within which the trial judge has full discretion to revise a judgment to 30 days from the entry of the judgment. After the 30 day period, Rule 2–535(b) requires a showing of fraud, mistake or irregularity as a prerequisite for revising a judgment. Rule 2–613(f) provides that a default judgment is not subject to the discretionary revisory power of Rule 2–535(a) except as to the relief granted.

■ It is settled, however, that the provisions of Rule 2–535, as well as the identical provisions of its predecessor rule, are applicable only to final judgments. *See, e.g., Henley v. Prince George's County,* 305 Md. 320, 328, 503 A.2d 1333, 1337 (1986); *Brown v. Baer,* 291 Md. 377, 386–387, 435 A.2d 96, 100–101 (1981); *Owen v. Freeman,* 279 Md. 241, 245, 367 A.2d 1245, 1248 (1977); *Int'l–Indus. Developers v. Berg,* 269 Md. 250, 251, 305 A.2d 121, 122 (1973); *Michaels v. Nemethvargo,* 82 Md.App. 294, 298–300, 571 A.2d 850, 852 (1990); *People's Counsel v. Advance Mobilehome,* 75 Md.App. 39, 44, 540 A.2d 151, 153–154, *cert. denied,* 313 Md. 30, 542 A.2d 857 (1988). It follows that Rule 2–613(f), which creates a limited exception to Rule 2–535, is also applicable only to final judgments. As the

---

(1970); *Picking v. State Finance Corporation,* 257 Md. 554, 558, 263 A.2d 572, 574 (1970); *Canterbury Rid. Condo. v. Chesapeake Inv.,* 66 Md.App. 635, 643 n. 2, 505 A.2d 858, 862 n. 2 (1986); *Associated Realty Co. v. Kimmelman,* 19 Md.App. 368, 374, 311 A.2d 464, 467 (1973).

"judgment" against Hanna was not final, Rules 2–535 and 2–613(f) did not apply.

We hold, therefore, that Rule 2–602 was fully applicable to this case. The entry of the default judgment against Hanna remained an interlocutory order subject to the full discretionary revisory power of the trial court.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.