14 A.3d 670

**BETHESDA TITLE & ESCROW, LLC**

v.

**Robert GOCHNOUR.**

**No. 1576, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

Feb. 28, 2011.

Robert M. Gittins (William J. Hickey, on the brief), Rockville, MD, for appellant.

Jason E. Fetterman (Niles, Barton & Wilner, LLP, Laura A. Van Meter, on the brief), Baltimore, MD, for appellee.

Panel: DEBORAH S. EYLER, ZARNOCH, HOTTEN, JJ.

ZARNOCH, J.

In this case, appellant, Bethesda Title & Escrow, LLC ("Bethesda Title"), seeks to appeal a decision of the Circuit Court for Montgomery County refusing to vacate a default judgment that had been entered in favor of appellee, Robert Gochnour ("Gochnour"). Subsequently, Bethesda Title also unsuccessfully sought in banc review of the circuit court's denial of a motion for reconsideration of appellant's motion to vacate the default judgment[1], an action tantamount to a direct appeal of the circuit judge's rejection of the motion to vacate. Appellant was not entitled to both in banc review and a direct appeal to this Court on the same issue. For this reason and those set forth below, we conclude that this appeal must be dismissed.

## FACTS AND PROCEEDINGS

On October 19, 2007, Gochnour filed a four-count complaint in the circuit court alleging that under the guise of co-signing for the refinancing of a loan on property of "a long time friend," he was fraudulently misled to incur loans of $510,000 and to purchase the property. Named as defendants were:

---

1. We granted Bethesda Title's motion to supplement the record with respect to this post-appeal activity in the circuit court.

Douglas Skibicki, the prior owner; First Horizon Home Loan Corporation ("First Horizon"), a mortgage lender; Kenneth J. MacFadyen, a trustee on behalf of First Horizon; Global Mortgage, Inc., a mortgage broker alleged to have brokered Gochnour's loan to First Horizon; Bethesda Title, alleged, in Gochnour's absence, to have conducted the closing for the claimed fraudulent transaction; and Tracy Y. Gray, a settlement agent for Bethesda Title and an attorney. The four counts consisted of: 1) negligence; 2) fraud and misrepresentation; 3) conspiracy; and 4) a declaratory judgment declaring the invalidity of the deed and the indebtedness.[2] The first three counts sought $750,000 in compensatory damages. Count II also prayed for $750,000 in punitive damages, while Count III sought punitive damages in an amount "to be determined by the jury."

During the course of this litigation, parties moved in and out of the complaint faster than Harry Potter's broomstick in a Quidditch match. MacFadyen and First Horizon were dropped from the case. However, First Horizon was then added as a plaintiff and later replaced with First Tennessee Bank National Association (FTBNA) of Memphis, Tennessee. Appraisal Experts, Inc. was joined as a defendant and later dismissed as a party. Global Mortgage was also dismissed from the case.

Gochnour obtained orders of default against the remaining parties: Skibicki, Gray and Bethesda Title.[3] Upon appellee's motion, two orders were issued assessing damages in his favor against the defendants.[4] In the meantime, Gochnour's co-plaintiff, FTBNA moved for and obtained orders of default

---

2. Bethesda Title was not named in this count. Ultimately, only Skibicki was included in the prayer for a declaratory judgment. However, no declaratory judgment was issued.

3. Gray was declared in default on May 2, 2008; Bethesda Title on September 11, 2008; and Skibicki on September 12, 2008.

4. A $750,000 judgment against Gray was entered on September 8, 2008. On November 21, 2008, a $750,000 judgment was entered against Skibicki and Bethesda Title.

against the same three parties. However, before FTBNA could lock in its judgment for damages, an apparently slumbering Bethesda Title finally awoke. The stimulus was a writ of garnishment issued in Gochnour's favor against Eagle Bank, which maintained an operating and escrow account for Bethesda Title.

As a result, on May 29, 2009, Bethesda Title moved to vacate the default judgment obtained by Gochnour.[5] It excused its belated filing by noting that FTBNA had yet to establish damages against the three defendants and thus, Gochnour's judgment was still interlocutory. "Accordingly, the Court's broad discretionary powers are in full effect and the relief requested by [Bethesda Title] may be granted."

In its motion, Bethesda Title contended that Gochnour's service on the title company was ineffective. It argued that its resident agent, Max Etheart had not been properly served by Gochnour's process server, Robert Thompson. Thompson's Affidavit of Service certified that service was made at 9400 Key West Avenue, Rockville, Maryland 20814 on "Heather Timko/OK to sign for Max Etheart." However, Bethesda Title asserted that the address of its resident agent was 7920 Norfolk Avenue, Bethesda, Maryland 20814 and that Heather Timko was not employed by Bethesda Title or authorized to accept service on behalf of the title company or Etheart. Attached to Bethesda Title's motion were affidavits of Etheart and Timko.[6] Etheart stated that he never maintained a "resident agent address" on behalf of the title company on Key West Avenue. Timko's affidavit stated that she "never

---

5. Nearly a month before, on May 5, 2009, Bethesda Title's counsel entered his appearance in the case, presumably to contest the garnishment.

6. Both affidavits opened with a recital that the affiant declared and affirmed "under penalties of perjury" that the statements were "true and correct." However, the affidavits closed only with a notary's certification that the affiant "acknowledge[d]" the truth and correctness of the affidavit. These filings did not precisely follow the form of affidavit set forth in Md. Rule 1–304. The affidavits submitted by Gochnour and FTBNA at the hearing were sworn before a notary and followed the language set forth in Rule 1–304.

informed any individual I was authorized to accept service" on behalf of Etheart or the title company.

Gochnour and FTBNA filed a memorandum in opposition to the motion to vacate. In affidavits and documents accompanying their memoranda, Gochnour and FTBNA asserted: that Max Etheart was Bethesda Title's resident agent, as reflected in the records of the State Department of Assessment and Taxation (SDAT); that on November 1, 2007 Gochnour's process server, Thompson served Gray at the 7920 Norfolk Avenue address; that Gray indicated that the principals at Bethesda Title were aware of Gochnour's case and that she attempted to negotiate a settlement on behalf of the title firm; that after serving Gray, Thompson was advised that Etheart, who had an ownership interest in Bethesda Title, was not at the Norfolk Avenue address, but could be found at another one of his companies, located at 9400 Key West Avenue; that when Thompson arrived at the Key West Avenue address, Timko informed him that Etheart was not available to accept service but that as his secretary, she had the authority to accept on his behalf; that at that time, Timko signed a document furnished by Thompson.

On August 26, 2009, Judge David A. Boynton presided over a hearing on Bethesda Title's motion. Plaintiff's counsel indicated that she had subpoenaed Gray: "I am prepared to put Ms. Gray on the stand and take her testimony as to the connection she had with Mr. [Etheart]." Etheart was not present for the hearing.[7] Bethesda Title's counsel said that Timko was present: "[W]e can hear testimony from Ms. Timko if the Court would find it useful. I would say that I don't believe any testimony is necessary based upon the very straight forward case law that we're dealing with."[8]

---

**7.** At that time, the plaintiff's counsel observed: "I was told that [Etheart] was not going to be available for the original scheduled hearing on August 10th, but ironically he's not available for this hearing either."

**8.** The title company's counsel indicated that Gray's testimony was not necessary, noting "as a practical matter, it doesn't appear that testimony is required to resolve the legal issue that we're here for today."

At the conclusion of the hearing, the circuit judge issued his ruling:

The facts in this case show that the plaintiff attempted to serve the resident agent at the address listed with SDAT on Norfolk Avenue. The process server was directed to a different address to find the resident agent personally, and when the process server went to personally serve the resident agent, the process server was told that the resident agent was unavailable to accept service but that she was allowed and authorized to accept service for that person.

So under the Rules, based upon the affidavit filed by the process server, I find no reason to doubt the accuracy of the information in that process server's notes. There's no reason whatsoever why the process server would fabricate that or make that up. And I think it's a general business practice that receptionists that work in an office are authorized to accept service for people within that office. It's a general[ly] accepted practice that resident agents allow their receptionists to receive service for them.

So there doesn't seem to be anything unusual or untoward about, or violative of the statute, of what happened in this case. So, based upon that, I don't find that there's been any showing that the process was improper in this case. So I'll deny the motion to vacate the default judgment based upon improper service.

In reaction to the circuit court's decision, Bethesda Title broadened its attack to multiple fronts. On September 14, 2009, it noted an appeal to this Court,[9] moved to stay execution of the judgment against the title company,[10] and moved for reconsideration of the denial of the motion to vacate.

In its motion for reconsideration, Bethesda Title described the course of the proceedings. It noted that "[t]he Court

---

**9.** A docket entry labels the appeal as "interlocutory."

**10.** After many delays, this motion was granted on May 17, 2010, by Judge Mary Beth McCormick. An earlier motion to stay proceedings was denied by Judge Boynton on August 26, 2009.

elected to not permit any witnesses" at the August 26, 2009 hearing and asserted various facts regarding the attempted service to which its witnesses would have testified "[h]ad the Court permitted witnesses to take the stand." Bethesda Title also contended that a September 1, 2009 decision by Judge McCormick granting the title company's motion to vacate a default judgment in a "nearly identical" case (*Altomare et al. v. Global Mortgage, Inc., et al.*, Case No. 292265–V) warranted reconsideration and vacating of the default judgment here. The motion for reconsideration expressly incorporated the motion to vacate. After Gochnour filed in opposition, Judge Boynton on October 6, 2009 denied the motion with prejudice.

On October 15, 2009, the title company filed a Notice of In Banc Review. This notice sought review of Judge Boynton's denial of the motion for reconsideration and noted: "Defendant Bethesda Title expressly *retains its right* to appeal Judge Boynton's August 26, 2009 order denying this Defendant's Motion to Vacate Default Judgment, said appeal having already been noticed." In a memorandum in support of in banc review, Bethesda Title reiterated its argument from its motion for reconsideration, including its complaint that Judge Boynton "elect[ed] to not permit witnesses" at the August 26, 2009 hearing. The title company also asserted that the circuit court abused its discretion in denying the motion for reconsideration without "explanation and/or analysis" and in failing to reconsider in light of Judge McCormick's ruling in *Altomare.* The memorandum expressly incorporated Bethesda Title's motion to vacate and related memoranda.

On April 6, 2010 a three-judge panel was appointed to conduct the in banc review. A hearing was held on May 7, 2010 and the panel rejected the title company's contentions, a result which appears from docket entries to be reflected in a June 4, 2010 order.

As all this bustle was occurring in the circuit court, Gochnour and FTBNA launched a counterattack in this Court. In November, 2009, they filed a Motion to Dismiss Appeal under Rule 8–502(a) or in the alternative, Motion for Transfer of

Appeal Improperly Taken Under Rule 8–132.[11]   In their mo-
tion, Gochnour and FTBNA asserted that Bethesda Title was
entitled to a direct appeal of a final decision in the circuit
court or in banc review by three judges, not both.   They said
that the title company was seeking to "expand" or obtain
"additional" appellate rights: "Bethesda Title's attempt to
secure both an in banc review and an appellate review in the
Court of Special Appeals regarding the same questions of law
and fact is a manipulation of the Maryland Rules of Court in
an effort to obtain a result not provided for under the Consti-
tution of the State of Maryland."   As a result, they contended
that the appeal should be dismissed or in the alternative, the
case transferred to the in banc panel for resolution.[12]

In opposition to the motion, Bethesda Title asserted that the
"narrow legal questions" to be considered by the in banc panel
were different than those it would raise in this Court: "The
legal questions to be identified in Appellant's Brief will pertain
only to the trial court's denial of Bethesda Title's Motion to
Vacate and address the law of service of process, and how
under the facts of this case, the trial court abused its discre-
tion in not vacating the default judgment entered against
Appellant."   It argued that it had to file its notice of appeal
prior to the adjudication of its motion for reconsideration or it
would have been time-barred from appealing: "Appellant has
properly noticed both its appeal and in banc review to address
distinct legal issues, which was necessitated by the timing of
the lower court's ruling, as well as the strict timing require-
ments of the Maryland Rules."

On February 2, 2010, Acting Chief Judge Arrie W. Davis
denied the motion "without prejudice to Appellees' right to
seek that relief in their briefs."   In a footnote in his brief,

---

**11.** Although both Gochnour and FTBNA joined in the motion, the
bank's proceedings had not concluded in the circuit court.  The parties'
briefs appear to recognize that there is only one appellee here, Gochn-
our.

**12.** When the motion was filed, the in banc proceeding had not yet taken
place.

Gochnour resurrected his objections and urged that this appeal be dismissed with prejudice.

## QUESTION PRESENTED

Bethesda Title describes the question before the Court in the following terms:

Did the Circuit Court abuse its discretion in denying Bethesda Title's Motion to Vacate Default Judgment, where there was a showing that Appellant was not properly served or provided the requisite notice of the underlying litigation?

In our view, the dispositive question is: Does this Court have jurisdiction to hear this appeal? Our answer is no.

## DISCUSSION

As far as lack of appealability is concerned, this case is a multiple offender. Even if we were to overlook issues raised by Bethesda Title's simultaneous pursuit of in banc review in the circuit court and a direct appeal, this appeal would have to be dismissed.

### 1. Lack of Finality

■ In seeking to excuse its belated filing in May of 2009 of a motion to vacate the default judgment entered in Gochnour's favor, Bethesda Title argued that the Gochnour judgment was interlocutory because his co-plaintiff, FTBNA had obtained only an order of default, not a default judgment establishing damages. *See* p. 3, *supra.*[13] That situation has not changed. FTBNA has not obtained its default judgment and, because the title company's motion for stay has been granted, the bank has been unable to prove its damages. Thus, FTBNA has not yet obtained a final default judgment. *See Farragut Village Condominium Ass'n. v. Bowling,* 168 Md.App. 376, 380, 896 A.2d 1079 (2006).

---

**13.** The docket entries in this case properly labeled Bethesda Title's September 14, 2009 appeal as "interlocutory." *See* n. 9, *supra.*

In *Quartertime Video & Vending Corp. v. Hanna,* 321 Md. 59, 580 A.2d 1073 (1990), the Court of Appeals concluded that Rule 2–602(a) [14] was applicable to default judgment cases. In that multi-party case, a default judgment was entered against one defendant and cases against two co-defendants remained to be tried. After the defaulting party appealed the denial of a motion to vacate, the Court said that the default judgment was interlocutory. It was not a final judgment, because under Rule 2–602(a) the rights and liabilities of fewer than all the parties had been adjudicated. 321 Md. at 64, 580 A.2d 1073. The present case is in the same posture.

In addition, we note that it appears that fewer than all of the claims in the action have been adjudicated. Gochnour has prayed for a declaratory judgment that the deed between Skibicki and him was void and of no further effect. However, for whatever reason, no declaratory judgment has been issued. *See* n. 2, *supra.* Unless Gochnour has abandoned this claim, this is another appellate defect that undercuts the finality of the judgment and Bethesda Title's right to appeal. *Broadwater v. State,* 303 Md. 461, 468, 494 A.2d 934 (1985) ("[I]n a declaratory judgment action the court must declare the rights of the parties.")

### 2. Two Bites of the Appellate Apple

■ There may be devices available to deal with these finality issues.[15] However, one impenetrable barrier to our

---

**14.** Rule 2–602(a) states:

Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

　(1) is not a final judgment;

　(2) does not terminate the action as to any of the claims or any of the parties; and

　(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

**15.** When appropriate, we may direct the entry of a final judgment to cure a piecemeal appeal issue, *see* Md. Rule 8–602(e)(1), or after

consideration of this appeal is Bethesda Title's pursuit of in banc review in the circuit court.

Under Article IV, § 22 of the Maryland Constitution, the decision of the in banc court "shall be the effective decision in the premises, and conclusive, as against the party at whose motion said points or questions were reserved. . . ." *See Bienkowski v. Brooks,* 386 Md. 516, 544, n. 14, 873 A.2d 1122 (2005) ("[T]he appellant before an in banc court does not have the right to appellate review at the next level . . ."); and Md. Rule 2–551(h) ("Any party who seeks and obtains [in banc] review under this Rule has no further right of appeal."); and Md. Code (1974, 2006 Repl.Vol.), Courts and Judicial Proceedings Article, § 12–202(d) ("Section 12–301 of this subtitle does not permit an appeal from the decision of the judges of a circuit court sitting in banc . . . if the party seeking to appeal is the party who moved to have the point or question reserved for consideration of the court in banc.")

Of particular relevance is Md. Rule 8–202(d), which provides:

When notice for in banc review filed. A party who files a timely notice for in banc review pursuant to Rule 2–551 or 4–352 may file a notice of appeal provided that (1) the notice of appeal is filed within 30 days after entry of the judgment or order from which the appeal is taken and (2) the notice for in banc review has been withdrawn before the notice of appeal is filed and prior to any hearing before or decision by the in banc court. A notice of appeal by any other party shall be filed within 30 days after entry of a notice withdrawing the request for in banc review or an order disposing of it. Any earlier notice of appeal by that other party does not deprive the in banc court of jurisdiction to conduct the in banc review.

---

considering the merits in a case where the parties fail to remind the court to declare their rights, we may remand for issuance of a declaratory judgment. *See, e.g. Conaway v. Deane,* 401 Md. 219, 325, 932 A.2d 571 (2007).

If an overly literal reading of these provisions were adopted, Bethesda Title might argue for two bites of the appellate apple because 1) it filed its notice of appeal *before* its notice for in banc review; and 2) it is appealing the denial of the motion to vacate, not the in banc court's action on the denial of the motion for reconsideration. In our view, neither of these propositions is tenable.

■ Review by an in banc court is "a substitute or alternative" for an appeal to this Court. *Board v. Haberlin*, 320 Md. 399, 406, 578 A.2d 215 (1990). When the legal issues are the same, it flies in the face of the text and purpose of these constitutional, statutory and regulatory provisions to allow two appeals. If Md. Rule 8–202(d) could be avoided simply by noting an appeal before a ruling on a separately filed motion for reconsideration, not much would be left of the exclusivity and conclusiveness of the in banc review. The import of the Rule is where there is no withdrawal of the notice for in banc review and the party seeking it goes to a hearing and obtains a decision, no right to appeal to this Court exists.

Bethesda Title argues that the legal issues raised before the in banc panel are separate, distinct, and different from those advanced here. This is not the case. The motion for reconsideration expressly incorporated the title company's motion to vacate and memoranda and, as relief, asked the circuit court to "vacate the default judgment entered against Bethesda Title." Likewise, Bethesda Title's in banc review memorandum expressly incorporated the motion to vacate and memoranda and noted the prejudice it would suffer "if the default judgment is not vacated as was done in *Altomare*." In short, Bethesda Title sought reversal of the default judgment for improper service of process, just as it does here.[16]

---

**16.** In passing, we note that the issues before the in banc panel set forth rather hollow complaints. When the title company's counsel twice told Judge Boynton that no testimony was necessary, and its star witness, Etheart, was not present, *see* p. 5, *supra*, it is hard to fault the court for not holding an evidentiary hearing. After the court issued a written opinion explaining its reasons for denying the motion to vacate, it was not obliged to issue another opinion or grant another hearing in

Moreover, an examination of the title company's filings in this Court demonstrates that Bethesda Title is making the same arguments to this Court as it did before the in banc panel. Specifically, it has supplemented the record to include materials filed in *Altomare* in order to urge reliance on that decision; it has attacked the circuit court for failing "to articulate a legally sufficient basis for the outright denial" of its motion to vacate; and it has contended that it was "precluded" by Judge Boynton from presenting testimony. This appellate review is simply not permitted by the governing statutes, constitutional provisions, and rules.

The title company's remaining arguments in favor of appealability merit little discussion. The reservation in its motion of in banc review that it expressly retained its right to appeal Judge Boynton's August 26, 2009 order could not possibly confer appellate jurisdiction. In addition, its contention that it would have been time-barred from appealing the August 26th order if it waited for a decision on the motion for reconsideration is a self-induced harm. Under Md. Rule 2–534, Bethesda Title could have filed a motion to alter or amend within 10 days of the August 26th order, which would have stayed the time for filing an appeal. After denial of this motion (assuming no finality problems), the title company could have appealed the denial of both motions.[17] Alternatively (assuming no finality problems), Bethesda Title could have appealed the denial of the first motion and, if denied, taken a second appeal of the denial of its second motion.

---

connection with the motion for reconsideration. Finally, the title company's attempt to convince the in banc court to embrace the *Altomare* result is nothing more than a pitch to reject Judge Boynton's ruling on service of process.

**17.** The title company waited more than 10 days to file its motion for reconsideration and then apparently sought revisory relief under Md. Rule 2–535. It is not necessary to the resolution of this case to consider whether this motion was permitted under Md. Rule 2–613(g) ("A default judgment entered in compliance with this Rule is not subject to the revisory power under Rule 2–535(a) except as to relief granted").

For all of these reasons, we conclude that the title company's pursuit of in banc review in the circuit court precludes this appeal.

**APPEAL DISMISSED.  COSTS TO BE PAID BY APPELLANT.**

